# Appendix Tab 3

## Ford At-Will Employment Agreements Signed by Plaintiffs

(Deposition Exhibits 57, 64, 88, 97, 101, 102, 106, 110, 113, 121, 125, 128, 133)

Whisman, et al. v. Ford
1:02-CV-406
Defendant's MSJ Appendix
**TAB 3**

EXHIBIT

57 8.4.03 DMB

## EMPLOYMENT AGREEMENT

In consideration of the compensation paid to me as an employe and the facilities and data made available to me by my employer identified on the reverse side, I hereby recognize as the exclusive property of, and assign, transfer, and convey to my employer without further consideration each and every invention, discovery or improvement made, conceived or developed by me (whether alone or jointly with others) during the period of my employment which relates to any matter, thing, process or method of manufacture connected in any way with my work or with tests carried on by Ford Motor Company or any of its subsidiaries, or which is within the scope of their business, and I will upon request of my employer at any time execute documents assigning to it, or its designee, any such invention, discovery or improvement or any patent application or patent granted therefor, and will execute any papers requested relating thereto. I will also give all reasonable assistance to my employer, or its designee, regarding any litigation or controversy in connection therewith, all expenses incident thereto to be assumed by my employer.

I agree to pay my employer, and hereby authorize it to deduct from any moneys due me, the sum of $3.00 for each identification pass, $5.00 for each picture badge, 50 cents for each tool check, and the cost of any other equipment received by me while in its employ, which is lost or damaged, or which I fail to return in good condition (except for ordinary wear and tear in the course of business) upon demand. I waive any responsibility on the part of my employer for loss or damage to personal equipment.

I understand that my employment is not for any definite term, and may be terminated at any time, without advance notice, by either myself or my employer; that my employment is subject to such rules, regulations, and personnel practices and policies, and changes therein, as my Employer may from time to time adopt; and that my employment shall be subject to such layoffs, and my compensation to such adjustments, as my employer may from time to time determine.

I understand that medical information disclosed to my employer's examining physician is not for treatment as a patient and is not privileged. I elect to become subject to the state workmen's compensation law that is or becomes applicable to my employment.

I acknowledge that the terms contained herein are the entire terms of my employment agreement, that there are no other arrangements, agreements, or understandings, oral or in writing, regarding my present or future employment with Ford Motor Company or any of its subsidiaries and that any purported arrangements, agreements or understandings made in the future shall not be valid unless evidenced by a writing signed by a properly authorized representative of my employer.

[illegible] SIGNATURE — COMPANY REPRESENTATIVE AND WITNESS [illegible] 'S SIGNATURE

REMARKS:

EWW1 0073



EXHIBIT
56 8.4.03
DMB

# EMPLOYMENT AGREEMENT

In consideration of the compensation paid to me [illegible] an employe and the facilities and data made available to me by my employer identified on the reverse side, I hereby recognize as the exclusive property of, and assign, transfer, and convey to my employer without further consideration each and every invention, discovery or improvement made, conceived or developed by me (whether [illegible] or jointly with others) during the period of my employment which relates to any matter, thing, process or method of manufacture connected in any way with my work or with tests carried on by Ford Motor Company or any of its subsidiaries, or which is within the scope of their business, and I will [illegible] request of my employer at any time execute documents assigning to it, or its designee, any such invention, discovery or improvement [illegible] application or patent granted thereon and will execute any papers requested relating thereto. I will also give all reasonable assistance to my employer, or its designee, regarding any litigation or controversy in connection therewith, all expenses incident thereto to be assumed by my employer.

I agree to pay my employer, and hereby authorize it to deduct from any moneys due me, the sum of $3.00 for each identification pass, $5.30 for each picture badge, [illegible] cents for each tool check, and the cost of any other equipment received by me while in its employ, which is lost [illegible], or which I fail to return in good condition [illegible] ordinary wear and tear in the course of business) upon demand. I waive any responsibility on the part of my employer for loss or damage to personal equipment.

I understand that my employment is not for any definite term, and may be terminated at any time, without advance notice, by either myself or my employer; that my employment is subject to such rules, regulations, and personnel practices and policies, and changes therein, as my employer may from time to time adopt; and that my employment shall be subject to such layoffs, and my compensation to such adjustments, as my employer may from time to time determine.

I understand that medical information disclosed to my employer's examining physician is not for treatment as a patient and is not privileged [illegible] subject to [illegible] state workmen's compensation law that is or becomes applicable to my employment.

I [illegible] that the terms contained herein and the [illegible] employment agreement, [illegible] no other [illegible], understandings [illegible] or in writing [illegible] or future employment with Ford Motor Company or any of its subsidiaries [illegible] that any purported [illegible] agreements [illegible] shall not [illegible] valid unless evidenced by a [illegible] and by a [illegible] authorized representative [illegible].

A.C. Jones 6/5/89

Everett W. Wheeman
6-5-89

EWW1 0282

LIFE AND DISABILITY INSURANCE FOR EMPLOYEES BEING REINSTATED

If you were a subscriber to the Life and Disability Insurance Plan during previous employment, it is assumed that you wish to have your insurance reinstated as of the date of your return to active employment.

If you do not desire to have your insurance reinstated, you must contact your Personnel Benefits Representative and complete a Cancellation Form.

## EMPLOYMENT AGREEMENT

In consideration of the compensation paid to me as an employee and the facilities and data made available to me by my employer identified on the reverse side, I hereby recognize as the exclusive property of, and assign, transfer, and convey to my employer without further consideration each and every invention, discovery or improvement made, conceived or developed by me (whether alone or jointly with others) during the period of my employment which relates to any matter, thing, process or method of manufacture connected in any way with my work or with tests carried on by Ford Motor Company or any of its subsidiaries, or which is within the scope of their business, and I will upon request of my employer at any time execute documents assigning to it, or its designee, any such invention, discovery or improvement or any patent application or patent granted therefor, and will execute any papers requested relating thereto. I will also give all reasonable assistance to my employer, or its designee, regarding any litigation or controversy in connection therewith, all expenses incident thereto to be assumed by my employer. I also recognize and agree that papers, records and plans generated by me or others for my employer are my employer's property and I am not to make any unauthorized disclosure or retain copies of them

I agree to pay my employer upon demand the cost of any equipment received by me while in its employ which is lost or damaged or which I fail to return in good condition (except for ordinary wear and tear in the course of business). I waive any responsibility on the part of my employer for loss or damage to personal equipment.

I understand that my employment is not for any definite term, and may be terminated at any time, without advance notice, with or without cause, by either myself or employer at the will of either. I agree to conform to such personnel practices, procedures and policies, and changes therein, as my employer may from time to time adopt, and that my employment shall be subject to such layoffs, and my pay and benefits to such adjustments as my employer may from time to time determine

I understand that medical information disclosed to my employer's examining physician is not for treatment as a patient and is not privileged. I elect to become subject to the state workers' compensation law that is or becomes applicable to my employment.

I acknowledge that the terms contained herein are the entire terms of my employment, that personnel practices, procedures and policies of my employer shall not change my employment from one terminable at will, that there are no other arrangements, agreements, or understandings, oral or in writing, regarding my present or future employment with Ford Motor Company or any of its subsidiaries and that any purported arrangements, agreements or understandings made in the future shall not be valid unless evidenced by a writing signed by me and the vice president responsible for employee relations.

| EMPLOYEE'S SIGNATURE | COMPANY REPRESENTATIVE AND WITNESS OF EMPLOYEE'S SIGNATURE |
| --- | --- |
| [signature] | [signature] |

REMARKS

EXHIBIT

64 8-4-03 AmB

## LIFE AND DISABILITY INSURANCE FOR EM[illegible]ES REI[illegible]NSTATED

If you were a subscriber to the Life and Disability Insurance Plan during previous employment, it is assumed that you wish to have your insurance reinstated a[illegible] of the date of your return to active employment.

If you do not desire to have your insurance reinstated, you must contact your Personnel Benefits Representative and complete a Cancellation Form.

## HOW TO CLAIM YOUR WITHHOLDING EXEMPTIONS

1. Number of Exemptions.—Do not claim more than the correct number of exemptions: However, if you expect to owe more income tax than will be withheld, you may either claim a smaller number of exemptions or enter into an agreement with your employer to have additional amounts withheld. This is important if you have more than one employer.

If both husband and wife are employed, ask your employers to see Internal Revenue Service Notice 786 that shows how to claim withholding exemptions so as to avoid owing large additional amounts of taxes.

Nonresident aliens other than residents of Canada Mexico, or Puerto Rico may claim only one personal exemption.

2. Itemized Deductions.—See Schedule A (Form W—4) for instructions on claiming additional withholding allowances based on large itemized deductions

3. Changes in Exemptions.—You may file a new certificate at any time if the number of your exemptions INCREASES.

You must file a new certificate within 10 days if the number of exemptions you previously claimed DECREASES. Examples of situations in which the number of your exemptions would decrease are as follows:

(a) You and your wife (or husband) for whom you have been claiming an exemption are divorced or legally separated.

(b) Your wife (or husband) for whom you have been claiming an exemption claims her (or his) own exemption on a separate certificate.

(c) You no longer expect to furnish more than half the support for the year of a dependent for whom you have been claiming an exemption.

(d) You find that a dependent for whom you claimed an exemption will receive $625[1] or more of income of his own during the year (except your child who is a student or who will be under 19 years of age at the end of the year).

The death of a spouse or a dependent does not affect your withholding until the next year, but requires the filing of a new certificate. If possible, file a new certificate by December 1 of the year in which the death occurs. If you qualify as a surviving spouse with dependent child (children), you may claim your personal exemption on line 2 as a married individual for the two years following the year of the death of your spouse.

*[1]This amount is $625 for 1970, $650 for 1971, $700 for 1972 and $750 for 1973 and thereafter.*

4. Dependents.—Each dependent claimed on line 4 must meet all of the following tests:

(a) *Income.*—Will receive less than $625 i[illegible] income. (If the child will be under 19 at the end of the year or is a full-time student, this limitation does not apply.)

(b) Support.—Will receive more than half of his support from you (from husband or wife if a joint return is filed).

(c) Married Dependents.—Will not file a joint return with husband or wife.

(d) Nationality.—Be either a citizen or resident of the U.S. or a resident of Canada, Mexico, the Republic of Panama or the Canal Zone; or be an alien child adopted by and living with a U.S. citizen abroad.

(e) Relationship.—*(1)* Be related to you as follows:

| | | |
|---|---|---|
| Child[2] | Stepbrother | Son-in-law |
| Stepchild | Stepsister | Daughter-in-law |
| Mother | Stepmother | The following if related by blood: |
| Father | Stepfather | Uncle |
| Grandparent | Mother-in-law | Aunt |
| Brother | Father-in-law | Nephew |
| Sister | Brother-in-law | Niece |
| Grandchild | Sister-in-law | |

or, (2) be a member of your household and have your home as his principal residence for the entire taxable year.

*[2]Includes a child who is a member of your household if placed with you by an authorized placement agency for legal adoption.*

## EMPLOYMENT AGREEMENT

In consideration of the compensation paid to me as an employe and the facilities and data made available to me by my employer identified on the reverse side, I hereby recognize as the exclusive property of, and assign, transfer, and convey to my employer without further consideration each and every invention, discovery or improvement made, conceived or developed by me (whether alone or jointly with others) during the period of my employment which relates to any matter, thing, process or method of manufacture connected in any way with my work or with tests carried on by Ford Motor Company or any of its subsidiaries, or which is within the scope of their business, and I will upon request of my employer at any time execute documents assigning to it, or its designee, any such invention, discovery or improvement or any patent application or patent granted therefor, and will execute any papers requested relating thereto. I will also give all reasonable assistance to my employer, or its designee, regarding any litigation or controversy in connection therewith, all expenses incident thereto to be assumed by my employer.

I agree to pay my employer, and hereby authorize it to deduct from any moneys due me, the sum of $3.00 for each identification pass, $5.00 for each picture badge, 50 cents for each tool check, and the cost of any other equipment received by me while in its employ, which is lost or damaged, or which I fail to return in good condition (except for ordinary wear and tear in the course of business) upon demand. I waive any responsibility on the part of my employer for loss or damage to personal equipment.

I understand that my employment is not for any definite term, and may be terminated at any time, without advance notice, by either myself or my employer; that my employment is subject to such rules, regulations, and personnel practices and policies, and changes therein, as my employer may from time to time adopt; and that my employment shall be subject to such layoffs, and my compensation to such adjustments, as my employer may from time to time determine.

I understand that medical information disclosed to my employer's examining physician is not for treatment as a patient and is not privileged. I elect to become subject to the state workmen's compensation law that is or becomes applicable to my employment.

I acknowledge that the terms contained herein are the entire terms of my employment agreement, that there are no other arrangements, agreements, or understandings, oral or in writing, regarding my present or future employment with Ford Motor Company or any of its subsidiaries and that any purported arrangements, agreements or understandings made in the future shall not be valid unless evidenced by a writing signed by a properly authorized representative of my employer.

EXHIBIT

88 8-5-03 pmB

Ricky D. Erwin

EMPLOYEE'S SIGNATURE

COMPANY REPRESENTATIVE AND WITNESS OF EMPLOYEE'S SIGNATURE

REMARKS:

MAR 24 2003 16:00 3132035001

EWW1 1102

## EMPLOYMENT AGREEMENT

In consideration of the compensation paid to me as an employee and the facilities and data made available to me by my employer identified on the reverse side, I hereby recognize as the exclusive property of, and assign, transfer, and convey to my employer without further consideration each and every invention, discovery or improvement made, conceived or developed by me (whether alone or jointly with others) during the period of my employment which relates to any matter, thing, process or method of manufacture connected in any way with my work or with tests carried on by Ford Motor Company or any of its subsidiaries, or which is within the scope of their business, and I will upon request of my employer at any time execute documents assigning to it, or its designee, any such invention, discovery or improvement or any patent application or patent granted therefor, and will execute any papers requested relating thereto. I will also give all reasonable assistance to my employer, or its designee, regarding any litigation or controversy in connection therewith, all expenses incident thereto to be assumed by my employer. I also recognize and agree that papers, records and plans generated by me or others for my employer are my employer's property and I am not to make any unauthorized disclosure or retain copies of them.

I agree to pay my employer upon demand the cost of any equipment received by me while in its employ which is lost or damaged or which I fail to return in good condition (except for ordinary wear and tear in the course of business). I waive any responsibility on the part of my employer for loss or damage to personal equipment.

I understand that my employment is not for any definite term, and may be terminated at any time, without advance notice, with or without cause, by either myself or employer at the will of either. I agree to conform to such personnel practices, procedures and policies, and changes therein, as my employer may from time to time adopt, and that my employment shall be subject to such layoffs, and my pay and benefits to such adjustments as my employer may from time to time determine.

I understand that medical information disclosed to my employer's examining physician is not for treatment as a patient and is not privileged. I elect to become subject to the state workers' compensation law that is or becomes applicable to my employment.

I acknowledge that the terms contained herein are the entire terms of my employment, that personnel practices, procedures and policies of my employer shall not change my employment from one terminable at will, that there are no other arrangements, agreements, or understandings, oral or in writing, regarding my present or future employment with Ford Motor Company or any of its subsidiaries and that any purported arrangements, agreements or understandings made in the future shall not be valid unless evidenced by a writing signed by me and the vice president responsible for employee relations.

| EMPLOYEE'S SIGNATURE | COMPANY REPRESENTATIVE AND WITNESS OF EMPLOYEE'S SIGNATURE |
| --- | --- |
| [signature] | [signature] |

REMARKS

EXHIBIT
97
8-18-03
AMB

EWH1 0331



EXHIBIT
101 8-11-03

## EMPLOYMENT AGREEMENT

In consideration of the compensation paid to me as an employe and the facilities and data made available to me by Ford Motor Company, I hereby recognize as the exclusive property of, and assign, transfer, and convey to the Company without further consideration each and every invention, discovery or improvement made, conceived or developed by me (whether alone or jointly with others) during the period of my employment which relates to any matter, thing, process or method of manufacture connected in any way with my work or with tests carried on by the Company or which is within the scope of its business, and I will upon request by the Company at any time execute documents assigning to it, or its designee, any such invention, discovery or improvement or any patent application or patent granted therefor, and will execute any papers requested relating thereto. I will also give all reasonable assistance to the Company, or its designee, regarding any litigation or controversy in connection therewith, all expenses incident thereto to be assumed by the Company.

I agree to pay Ford Motor Company, and hereby authorize said Company to deduct from any moneys due me, the sum of $3.00 for each Identification Pass, $5.00 for each picture badge, 50 cents for each Tool Check, and the cost of any other equipment received by me while in its employ, which is lost or damaged, or, which I fail to return in good condition (except for ordinary wear and tear in the course of business) upon demand. I waive any responsibility on the part of said Company for loss or damage to personal equipment.

I understand that my employment is not for any definite term, and may be terminated at any time, without advance notice, by either myself or Ford Motor Company; that my employment is subject to such rules, regulations, and personnel practices and policies, and changes therein, as Ford Motor Company may from time to time adopt; and that my employment shall be subject to such layoffs, and my compensation to such adjustments, as Ford Motor Company may from time to time determine.

I understand that medical information disclosed to the Company's examining physician is not for treatment as a patient and is not privileged.

I elect to become subject to the state workmen's compensation law that is or becomes applicable to my employment.

I acknowledge that the terms contained herein are the entire terms of my employment agreement, that there are no other arrangements, agreements, or understandings, verbal or in writing, regarding my present or future employment with Ford Motor Company and that any purported arrangements, agreements or understanding made in the future shall not be valid unless evidenced by a writing signed by a properly authorized representative of Ford Motor Company.

| EMPLOYE'S SIGNATURE | COMPANY REPRESENTATIVE AND WITNESS OF EMPLOYE'S SIGNATURE |
| --- | --- |
| William J. DeVito | [signature] |

REMARKS:

EWM1 0016

## EMPLOYMENT AGREEMENT

In consideration of the compensation paid to me as an employee and the facilities and data made available to me by my employer identified on the reverse side I hereby recognize as the exclusive property of, and assign, transfer, and convey to my employer without further consideration each and every invention discovery or improvement made, conceived or developed by me (whether alone or jointly with others) during the period of my employment which relates to any matter, thing, process or method of manufacture connected in any way with my work or with tests carried on by Ford Motor Company or any of its subsidiaries, or which is within the scope of their business, and I will upon request of my employer at any time execute documents assigning to it, or its designee, any such invention, discovery or improvement or any patent application or patent granted therefor, and will execute any papers requested relating thereto. I will also give all reasonable assistance to my employer, or its designee, regarding any litigation or controversy in connection therewith, all expenses incident thereto to be assumed by my employer. I also recognize and agree that papers, records and plans generated by me or others for my employer are my employer's property and I am not to make any unauthorized disclosure or retain copies of them.

I agree to pay my employer upon demand the cost of any equipment received by me while in its employ which is lost or damaged or which I fail to return in good condition (except for ordinary wear and tear in the course of business). I waive any responsibility on the part of my employer for loss or damage to personal equipment.

I understand that my employment is not for any definite term, and may be terminated at any time, without advance notice, with or without cause, by either myself or employer at the will of either. I agree to conform to such personnel practices, procedures and policies, and changes therein, as my employer may from time to time adopt, and that my employment shall be subject to such layoffs, and my pay and benefits to such adjustments as my employer may from time to time determine.

I understand that medical information disclosed to my employer's examining physician is not for treatment as a patient and is not privileged. I elect to become subject to the state workers' compensation law that is or becomes applicable to my employment.

I acknowledge that the terms contained herein are the entire terms of my employment, that personnel practices, procedures and policies of my employer shall not change my employment from one terminable at will, that there are no other arrangements, agreements, or understandings, oral or in writing, regarding my present or future employment with Ford Motor Company or any of its subsidiaries and that any purported arrangements, agreements or understandings made in the future shall not be valid unless evidenced by a writing signed by me and the vice president responsible for employee relations.

| EMPLOYEE'S SIGNATURE | COMPANY REPRESENTATIVE AND WITNESS OF EMPLOYEE'S SIGNATURE |
| --- | --- |
| Gary Vomer | A. C. Jones |

REMARKS.

EXHIBIT

106 8-12-03 AMB

EWW1 0124



## EMPLOYMENT AGREEMENT

**In consideration of the compensation paid to me as an employe and the facilities and data made available to me by my employer identified on the reverse side, I hereby recognize as the exclusive property of, and assign, transfer, and convey to my employer without further consideration each and every invention, discovery or improvement made, conceived or developed by me (whether alone or jointly with others) during the period of my employment which relates to any matter, thing, process or method of manufacture connected in any way with my work or with tests carried on by Ford Motor Company or any of its subsidiaries, or which is within the scope of their business, and I will upon request of my employer at any time execute documents assigning to it, or its designee, any such invention, discovery or improvement or any patent application or patent granted therefor, and will execute any papers requested relating thereto. I will also give all reasonable assistance to my employer, or its designee, regarding any litigation or controversy in connection therewith, all expenses incident thereto to be assumed by my employer.**

**I agree to pay my employer, and hereby authorize it to deduct from any moneys due me, the sum of $3.00 for each identification pass, $5.00 for each picture badge, 50 cents for each tool check, and the cost of any other equipment received by me while in its employ, which is lost or damaged, or which I fail to return in good condition (except for ordinary wear and tear in the course of business) upon demand. I waive any responsibility on the part of my employer for loss or damage to personal equipment.**

**I understand that my employment is not for any definite term, and may be terminated at any time, without advance notice, by either myself or my employer; that my employment is subject to such rules, regulations and personnel practices and policies, and changes therein, as my employer may from time to time adopt; and that my employment shall be subject to such layoffs, and my compensation to such adjustments, as my employer may from time to time determine.**

**I understand that medical information disclosed to my employer's examining physician is not for treatment as a patient and is not privileged. I elect to become subject to the state workmen's compensation law that is or becomes applicable to my employment.**

**I acknowledge that the terms contained herein are the entire terms of my employment agreement that there are no other arrangements, agreements, or understandings, oral or in writing, regarding my present or future employment with Ford Motor Company or any of its subsidiaries and that any purported arrangements, agreements or understandings made in the future shall not be valid unless evidenced by a writing signed by a properly authorized representative of my employer.**

| EMPLOYE'S SIGNATURE | COMPANY REPRESENTATIVE AND WITNESS OF EMPLOYE'S SIGNATURE |
|---|---|
| [signature] | [signature] |

**REMARKS:**

EWW1 1232

[illegible] AND DISABILITY INSURANCE FOR EMPLOYEES BEING REINSTATED

[illegible] you [illegible] Life and Disability Insurance Plan during previous employment, it is assumed that you [illegible] to have your insurance reinstated [illegible] employment.

If you do not desire [illegible] insurance [illegible] you must contact your [illegible] representative [illegible] complete [illegible]

# EMPLOYMENT AGREEMENT

In consideration of the compensation paid to me [illegible] employment [illegible] and the facilities and data made available to me by my employer [illegible] on the reverse side, I hereby recognize as the exclusive property of, and assign, transfer, and convey to my employer without further [illegible] consideration each and every invention [illegible] or improvement [illegible] conceived or developed by me (whether alone [illegible] jointly with others) during the period of my employment [illegible] to any [illegible] methods of manufacture connected [illegible] work or with tasks carried on by Ford Motor Company, or any of its subsidiaries [illegible] within the scope [illegible] of my employer at any time [illegible] assignments [illegible] any such invention, discovery or improvement [illegible] of application for patent [illegible] execute any papers requested [illegible] thereto [illegible] will also give all reasonable [illegible] to my employer, or its assigns [illegible] litigation or controversy in connection therewith [illegible] expenses incident thereto [illegible] assumed by my employer.

I agree to pay my employer [illegible] hereby authorize it to deduct from any moneys due me, the sum of $3.00 for each identification [illegible] cost of any tools [illegible] equipment [illegible] by me while [illegible] in the course of [illegible] responsibility on the part of my employer for loss or damage to personal equipment.

[illegible] items, as my employer may from time to time determine.

I understand [illegible] information disclosed [illegible] physician [illegible] treatment [illegible] state workmen's compensation law that is or becomes applicable to my employment.

[illegible] agreement [illegible] and that any [illegible] arrangements, agreements [illegible] above shall not be valid unless evidenced [illegible]

James E. Crump

EXHIBIT

113 8-12-03 DmB

EWW1 0873

## EMPLOYMENT AGREEMENT

In consideration of the compensation paid to me as an employe and the facilities and data made available to me by my employer identified on the reverse side, I hereby recognize as the exclusive property of, and assign, transfer, and convey to my employer without further consideration each and every invention, discovery or improvement made, conceived or developed by me (whether alone or jointly with others) during the period of my employment which relates to any matter, thing, process or method of manufacture connected in any way with my work or with tests carried on by Ford Motor Company or any of its subsidiaries, or which is within the scope of their business, and I will upon request of my employer at any time execute documents assigning to it, or its designee, any such invention, discovery or improvement or any patent application or patent granted therefor, and will execute any papers requested relating thereto. I will also give all reasonable assistance to my employer, or its designee, regarding any litigation or controversy in connection therewith, all expenses incident thereto to be assumed by my employer.

I agree to pay my employer, and hereby authorize it to deduct from any moneys due me, the sum of $3.00 for each identification pass, $5.00 for each picture badge, 50 cents for each tool check, and the cost of any other equipment received by me while in its employ, which is lost or damaged, or which I fail to return in good condition (except for ordinary wear and tear in the course of business) upon demand. I waive any responsibility on the part of my employer for loss or damage to personal equipment.

I understand that my employment is not for any definite term, and may be terminated at any time, without advance notice, by either myself or my employer; that my employment is subject to such rules, regulations, and personnel practices and policies, and changes therein, as my employer may from time to time adopt, and that my employment shall be subject to such layoffs, and my compensation to such adjustments, as my employer may from time to time determine.

I understand that medical information disclosed to my employer's examining physician is not for treatment as a patient and is not privileged. I elect to become subject to the state workmen's compensation law that is or becomes applicable to my employment.

I acknowledge that the terms contained herein are the entire terms of my employment agreement, that there are no other arrangements, agreements, or understandings, oral or in writing, regarding my present or future employment with Ford Motor Company or any of its subsidiaries and that any purported arrangements, agreements or understandings made in the future shall not be valid unless evidenced by a writing signed by a properly authorized representative of my employer.

| EMPLOYE'S SIGNATURE | COMPANY REPRESENTATIVE AND WITNESS OF EMPLOYE'S SIGNATURE |
|---|---|
| Randall Newsome | A. C. Jones |

REMARKS:

EXHIBIT

121 8-21-03 amb

EWW1 0935

# EMPLOYMENT AGREEMENT

In consideration of the compensation paid to me as an employe and the facilities and data made available to me by my employer identified on the reverse side, I hereby recognize as the exclusive property of, and assign, transfer, and convey to my employer without further consideration each and every invention, discovery or improvement made, conceived or developed by me (whether alone or jointly with others) during the period of my employment which relates to any matter, thing, process or method of manufacture connected in any way with my work or with tests carried on by Ford Motor Company or any of its subsidiaries, or which is within the scope of their business, and I will upon request of my employer at any time execute documents assigning to it, or its designee, any such invention, discovery or improvement or any patent application or patent granted therefor, and will execute any papers requested relating thereto. I will also give all reasonable assistance to my employer, or its designee, regarding any litigation or controversy in connection therewith, all expenses incident thereto to be assumed by my employer.

I agree to pay my employer, and hereby authorize it to deduct from any moneys due me, the sum of $3.00 for each identification pass, $5.00 for each picture badge, 50 cents for each tool check, and the cost of any other equipment received by me while in its employ, which is lost or damaged, or which I fail to return in good condition (except for ordinary wear and tear in the course of business) upon demand. I waive any responsibility on the part of my employer for loss or damage to personal equipment.

I understand that my employment is not for any definite term, and may be terminated at any time, without advance notice, by either myself or my employer; that my employment is subject to such rules, regulations, and personnel practices and policies, and changes therein, as my employer may from time to time adopt; and that my employment shall be subject to such layoffs, and my compensation to such adjustments, as my employer may from time to time determine.

I understand that medical information disclosed to my employer's examining physician is not for treatment as a patient and is not privileged. I elect to become subject to the state workmen's compensation law that is or becomes applicable to my employment.

I acknowledge that the terms contained herein are the entire terms of my employment agreement, that there are no other arrangements, agreements, or understandings, oral or in writing, regarding my present or future employment with Ford Motor Company or any of its subsidiaries and that any purported arrangements, agreements or understandings made in the future shall not be valid unless evidenced by a writing signed by a properly authorized representative of my employer.

| EMPLOYE'S SIGNATURE | COMPANY REPRESENTATIVE AND WITNESS OF EMPLOYE'S SIGNATURE |
|---|---|
| Ted Chrington | [signature] |

REMARKS:

EXHIBIT

125 8-21-03 Amb

LIFE DISABILITY INSURANCE FOR EMPLOYES BEING ...INSTATED

If you were a subscriber to the Life and Disability Insurance Plan during previous employment, it is assumed that you wish to have your insurance reinstated as of the date of your return to active employment.

If you do not desire to have your insurance reinstated, you must contact your Personnel Benefits Representative and complete a Cancellation Form.

## HOW TO CLAIM YOUR WITHHOLDING EXEMPTIONS

1. Number of Exemptions.—Do not claim more than the correct number of exemptions. However, if you expect to owe more income tax than will be withheld, you may either claim a smaller number of exemptions or enter into an agreement with your employer to have additional amounts withheld. This is important if you have more than one employer.

If both husband and wife are employed, ask your employers to see Internal Revenue Service Notice 1?? that shows how to claim withholding exemptions so as to avoid owing large additional amounts of taxes.

Nonresident aliens other than residents of Canada, Mexico, or Puerto Rico may claim only one personal exemption.

2. Itemized Deductions.—See Schedule A (Form W-4) for instructions on claiming additional withholding allowances based on large itemized deductions.

3. Changes in Exemptions.—You may file a new certificate at any time if the number of your exemptions INCREASES.

You must file a new certificate within 10 days if the number of exemptions you previously claimed DECREASES. Examples of situations in which the number of your exemptions would decrease are as follows:

(a) You and your wife (or husband) for whom you have been claiming an exemption are divorced or legally separated.

(b) Your wife (or husband) for whom you have been claiming an exemption claims her (or his) own exemption on a separate certificate.

(c) You no longer expect to furnish more than half the support for the year of a dependent for whom you have been claiming an exemption.

(d) You find that a dependent for whom you claimed an exemption will receive $625[1] or more of income of his own during the year (except your child who is a student or who will be under 19 years of age at the end of the year).

The death of a spouse or a dependent does not affect your withholding until the next year, but requires the filing of a new certificate. If possible, file a new certificate by December 1 of the year in which the death occurs. If you qualify as a surviving spouse with dependent child (children), you may claim your personal exemption on line 2 as a married individual for the two years following the year of the death of your spouse.

[1] This amount is $625 for 1970, $650 for 1971, $700 for 1972 and $750 for 1973 and thereafter.

4. Dependents.—Each dependent claimed on line 4 must meet all of the following tests:

(a) Income.—Will receive less than $625.[1] income. (If the child will be under 19 at the end of the year or is a full-time student, this limitation does not apply.)

(b) Support.—Will receive more than half of his support from you (from husband or wife if a joint return is filed).

(c) Married Dependents.—Will not file a joint return with husband or wife.

(d) Nationality.—Be either a citizen or resident of the U.S. or a resident of Canada, Mexico, the Republic of Panama or the Canal Zone; or be an alien child adopted by and living with a U.S. citizen abroad.

(e) Relationship.—(1) Be related to you as follows:

| | | |
|---|---|---|
| Child[2] | Stepbrother | Son-in-law |
| Stepchild | Stepsister | Daughter-in-law |
| Mother | Stepmother | The following if related by blood: |
| Father | Stepfather | Uncle |
| Grandparent | Mother-in-law | Aunt |
| Brother | Father-in-law | Nephew |
| Sister | Brother-in-law | Niece |
| Grandchild | Sister-in-law | |

or, (2) be a member of your household and have your home as his principal residence for the entire taxable year.

[2] Includes a child who is a member of your household if placed with you by an authorized placement agency for legal adoption.

## EMPLOYMENT AGREEMENT

In consideration of the compensation paid to me as an employe and the facilities and data made available to me by my employer identified on the reverse side, I hereby recognize as the exclusive property of, and assign, transfer, and convey to my employer without further consideration each and every invention, discovery or improvement made, conceived or developed by me (whether alone or jointly with others) during the period of my employment which relates to any matter, thing, process or method of manufacture connected in any way with my work or with tests carried on by Ford Motor Company or any of its subsidiaries, or which is within the scope of their business, and I will upon request of my employer at any time execute documents assigning to it, or its designee, any such invention, discovery or improvement or any patent application or patent granted therefor, and will execute any papers requested relating thereto. I will also give all reasonable assistance to my employer, or its designee, regarding any litigation or controversy in connection therewith, all expenses incident thereto to be assumed by my employer.

I agree to pay my employer, and hereby authorize it to deduct from any moneys due me, the sum of $3.00 for each identification pass, $3.00 for each picture badge, 50 cents for each tool check, and the cost of any other equipment received by me while in its employ, which is lost or damaged, or which I fail to return in good condition (except for ordinary wear and tear in the course of business) upon demand. I waive any responsibility on the part of my employer for loss or damage to personal equipment.

I understand that my employment is not for any definite term, and may be terminated at any time, without advance notice, by either myself or my employer; that my employment is subject to such rules, regulations, and personnel practices and policies, and changes therein, as my employer may from time to time adopt; and that my employment shall be subject to such layoffs, and my compensation to such adjustments, as my employer may from time to time determine.

I understand that medical information disclosed to my employer's examining physician is not for treatment as a patient and is not privileged. I elect to become subject to the state workmen's compensation law that is or becomes applicable to my employment.

I acknowledge that the terms contained herein are the entire terms of my employment agreement, that there are no other arrangements, agreements, or understandings, oral or in writing, regarding my present or future employment with Ford Motor Company or any of its subsidiaries and that any purported arrangements, agreements or understandings made in the future shall not be valid unless evidenced by a writing signed by a properly authorized representative of my employer.

EXHIBIT
128
8-22-03
DMB

EMHI 0969

EMPLOYE'S SIGNATURE: Edward L. Stegmann

COMPANY REPRESENTATIVE AND WITNESS OF EMPLOYE'S SIGNATURE

REMARKS:

**LIFE AND DISABILITY INSURANCE FOR EMPLOYEES BEING REINSTATED**

If you were a subscriber to the Life and Disability Insurance Plan during previous employment, it is assumed that you wish to have your insurance reinstated as of the date of your return to active employment.

If you do not desire to have your insurance reinstated, you must contact your Personnel Benefits Representative and complete a Cancellation Form.

## EMPLOYMENT AGREEMENT

In consideration of the compensation paid to me as an employee and the facilities and data made available to me by my employer identified on the reverse side, I hereby recognize as the exclusive property of, and assign, transfer, and convey to my employer without further consideration each and every invention, discovery or improvement made, conceived or developed by me (whether alone or jointly with others) during the period of my employment which relates to any matter, thing, process or method of manufacture connected in any way with my work or with tests carried on by Ford Motor Company or any of its subsidiaries, or which is within the scope of their business, and I will upon request of my employer at any time execute documents assigning to it, or its designee, any such invention, discovery or improvement or any patent application or patent granted therefor, and will execute any papers requested relating thereto. I will also give all reasonable assistance to my employer, or its designee, regarding any litigation or controversy in connection therewith, all expense incident thereto to be assumed by my employer. I also recognize and agree that papers, records and plans generated by me or others for my employer are my employer's property and I am not to make any unauthorized disclosure or retain copies of them.

I agree to pay my employer upon demand the cost of any equipment received by me while in its employ which is lost or damaged or which I fail to return in good condition (except for ordinary wear and tear in the course of business). I waive any responsibility on the part of my employer for loss or damage to personal equipment.

I understand that my employment is not for any definite term, and may be terminated at any time, without advance notice, with or without cause, at the option of myself or employer at the will of either. I agree to conform to such personnel practices, procedures and policies, and changes therein, as my employer may from time to time adopt, and that my employment shall be subject to such layoffs, and my pay and benefits to such adjustments as my employer may from time to time determine.

I understand that medical information disclosed to my employer's examining physician is not for treatment as a patient and is not privileged. I elect to become subject to the state workers' compensation law that is or becomes applicable to my employment.

I acknowledge that the terms contained herein are the entire terms of my employment, that personnel practices, procedures and policies of my employer shall not change my employment from one terminable at will, that there are no other arrangements, agreements, or understandings, oral or in writing, regarding my present or future employment with Ford Motor Company or any of its subsidiaries, and that any purported arrangements, agreements or understandings made in the future shall not be valid unless evidenced by a writing signed by me and the vice president responsible for employee relations.

Pamela J Blanco
EMPLOYEE'S SIGNATURE

COMPANY REPRESENTATIVE AND WITNESS OF EMPLOYEE'S SIGNATURE

REMARKS

EXHIBIT
133 8-22-03 PmB

EWH1 0250