SANDRA M. JOHNSON, Plaintiff-Appellant v. NORMAN MALONE &ASSOCIATES, INC., et al., Defendants-Appellants
C.A. No. 14142

Court of Appeals of Ohio, Ninth Appellate District, SummitCounty

1989 Ohio App. LEXIS 4798

December 20, 1989, Decided

PRIOR HISTORY:

[*1]

APPEAL FROM JUDGMENT ENTERED IN THE COMMON PLEAS COURT, COUNTY OF SUMMIT, OHIO, CASE NO. CV 86 2 0582.

CASE SUMMARY:

PROCEDURAL POSTURE: Appellant employee challenged a decision from the Summit County Court of Common Pleas (Ohio), which granted summary judgment to appellee employer in the employee's action for breach of an employment contract.

OVERVIEW: An offer of employment was sent to the employee in which compensation was stated and responsibilities were outlined. When the employment relationship deteriorated the employee resigned and initiated an action against the employer. The trial court granted summary judgment to the employer. The employee asserted that the trial court erred when it found that no employment contract was created by the written offer, there was no promissory estoppel, there was no intentional or negligent infliction of emotional distress, and the amended pleading was not properly filed. The court affirmed the grant of summary judgment and determined that: (1) the written offer and acceptance did not specify a term of employment, but created only an employment at will; (2) there was no promissory estoppel because the employee was aware of changes after the beginning of employment and remained employed; (3) the employee's asserted physical and emotional distress were insufficient to support her claims; and (4) it was not an abuse of discretion to deny a request to file an amended pleading after extensive discovery and in response to motions for summary judgment.

OUTCOME: The court affirmed the decision from the trial court that granted summary judgment to appellee employer in the employee's action for breach of an employment contract.

CORE TERMS: summary judgment, motion to amend, granting summary judgment, assignments of error, promissory estoppel, amend, altered, journal entry, infliction of emotional distress, matter of law, modify, error assigned, court erred, sufficient consideration, conditions of employment, entitled to judgment, abuse of discretion, specific term, bodily harm, interrelated, forbearance, outrageous, declining, tendered, duration, induce, bonus, responsive pleading, emotional distress, breach of contract

LexisNexis (TM) HEADNOTES - Core Concepts:

Civil Procedure: Summary Judgment: Summary Judgment Standard
[HN1] Trial and appellate courts adhere to the same standard in reviewing summary judgment. Inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion; if when so viewed reasonable minds can come to differing conclusions, the motion should be overruled. It must appear from the evidence that reasonable minds can come to but one conclusion, that the moving party is entitled to judgment as a matter of law.

Labor & Employment Law: Employment Relationships: At-Will Employment
Contracts Law: Types of Contracts: Employment Contracts
[HN2] In the absence of facts and circumstances indicating that an employment agreement is for a specific term, an employment contract which provides for an annual rate of compensation, but does not reference duration, is not a contract for term, but is terminable at will by either Party.

Labor & Employment Law: Employment Relationships: At-Will Employment

Whisman, et al. v. Ford
1:02-CV-406
Defendant's MSJ Appendix
**TAB 8**

Contracts Law: Types of Contracts: Employment Contracts
[HN3] The terms and conditions of employment at will can be prospectively altered without consideration.

Labor & Employment Law: Employment Relationships: At-Will Employment
Contracts Law: Types of Contracts: Employment Contracts
[HN4] Employment at will may be altered by express or implied contract, which may be created by company policy or oral representations.

Contracts Law: Formation: Detrimental Reliance
Labor & Employment Law: Employment Relationships: At-Will Employment
Contracts Law: Types of Contracts: Employment Contracts
[HN5] Promissory estoppel may be applicable to an employment at will situation when a promise which the employer should reasonably expect to induce action or forbearance on the part of the employee does induce such action or forbearance, if injustice can be avoided only by enforcement of the promise.

Torts: Intentional Torts: Intentional Infliction of Emotional Distress
[HN6] One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm. Extreme and outrageous conduct must be so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable, in a civilized community.

Civil Procedure: Pleading & Practice: Pleadings: Amended Pleadings
[HN7] Ohio Civ. R. 15(A) provides: Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires.

Civil Procedure: Pleading & Practice: Pleadings: Amended Pleadings
Civil Procedure: Appeals: Standards of Review: Abuse of Discretion
Civil Procedure: Trials: Judicial Discretion
[HN8] Because the decision whether to grant leave to amend is within the discretion of the trial court, the denial of leave to amend will not be disturbed on appeal absent a showing of abuse of discretion. Where it is possible that the plaintiff, by an amended complaint, may set forth a claim upon which relief can be granted, and is tendered timely and in good faith and no reason is apparent or disclosed for denying leave, the denial of leave to file such amended complaint is an abuse of discretion.

Civil Procedure: Pleading & Practice: Pleadings: Amended Pleadings
[HN9] An attempt to amend a complaint following the filing of a motion for summary judgment raises the spectre of prejudice. Plaintiffs should not be permitted to sit by for this period and bolster up their pleadings in answer to a motion for summary judgment.

COUNSEL: EDWARD L. GILBERT, Attorney at Law, Akron, Ohio for Plaintiff.

JOHN N. CHILDS, Attorney at Law, Akron, Ohio for Defendants.

JUDGES: JOHN W. REECE, J., CACIOPPO, P. J., CIRIGLIANO, J., CONCUR.

OPINIONBY: REECE

OPINION: DECISION AND JOURNAL ENTRY

REECE, J.

This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:

Sandra Johnson (Johnson), who was an account executive for Cleveland television station WEWS-TV5, was approached in May of 1983 by Carol Howell (Howell), Harry Stitzlein (Stitzlein) and John Wirtz (Wirtz) of Norman Malone & Associates, Inc. (Malone) regarding joining Malone's public relations division. Wirtz contacted Johnson again in June of 1983 in reference to the employment. By letter dated July 26, 1983, under Wirtz' signature, Malone offered Johnson the position of director of media services.

This letter summarized the compensation package offered, outlined the job description, and generally encouraged Johnson to accept the offer. By letter dated August 12, 1983, Johnson agreed to join Malone.

Johnson and Malone concur[*2] that the relationship did not produce the benefits that each had contemplated.

During her first year with Malone, Johnson spent the greater portion of her professional efforts in Cleveland. Wirtz' August, 1984, personnel evaluation of Johnson gave her high marks in most categories, and rated her potential to advance within Malone as excellent. By November, 1984, however, the working relationship deteriorated. Wertz' memorandum to Johnson, dated November 19, 1984, encapsulated a discussion between the two earlier in the month, and expressed Wertz' concern over Johnson's contributions to Malone.

Johnson's duties for Malone were revised from that point; her status became account executive rather than media director. Johnson resigned from Malone on January 2, 1986, having accepted a position with Kaiser Permanente in Cleveland.

Johnson filed a complaint against Malone, Stitzlein, Wirtz and Bain Malone, in the Summit County court of Common Pleas, on February 18, 1986, alleging causes of action based upon breach of contract, promissory estoppel, intentional and negligent infliction of emotional distress and constructive discharge. She later sought leave of the court to amend her complaint[*3] to include a cause of action in fraud. In September, 1987, Johnson and Malone each moved the court for summary judgment.

By journal entry dated April 28, 1989, the trial court granted summary judgment in favor of Malone on all allegations in the original complaint. The court never specifically ruled upon Johnson's motion to amend her complaint to include an action in fraud, nor considered that proposed cause of action in the journal entry granting summary judgment to Malone. Johnson appeals, asserting eight assignments of error.

ASSIGNMENTS OF ERROR

"I. The court erred in granting summary judgment for defendants.

"II. The court erred in finding that no contract was created by the defendant company's written offer of employment together with the plaintiff's written acceptance.

"III. The court erred in failing to find that reasonable minds could conclude that defendants breached their contractual obligations.

"IV. The court erred in dismissing plaintiff's claim of promissory estoppel.

"V. The court erred in dismissing the claim of intentional or negligent infliction of emotional distress.

VIII. The court erred in failing to grant summary judgment for plaintiff.

Because[*4] each of these assignments of error are interrelated, they are considered together. [HN1] Trial and appellate courts adhere to the same standard in reviewing summary judgment. Inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion; if when so viewed reasonable minds can come to differing conclusions, the motion should be overruled. *Delker v. Ohio Edison Co. (1989), 47 Ohio App. 3d 1, 2*, citing *Hounshell v. American States Ins. Co. (1981), 67 Ohio St. 2d 427, 433*. "It must appear from the evidence that reasonable minds can come to but one conclusion, that the moving party is entitled to judgment as a matter of law." *Delker, supra, at 2*, citing *Temple v. Wean United, Inc. (1977), 50 Ohio St. 2d 317* and *Mitchell v. Ross (1984), 14 Ohio App. 3d 75*.

The trial court determined that although Johnson accepted a position at Malone by letter in response to Malone's offer letter, the parties never entered into a formal written contract of employment covering specific terms, duration and conditions of employment. The court found that because Malone's offer letter did not contain a provision for [*5] duration of employment, Johnson was an employee at will subject to discharge at any time. See *Mers v. Dispatch Printing Co. (1985), 19 Ohio St. 3d 100*.

We agree with this proposition. [HN2] In the absence of facts and circumstances indicating that an employment agreement is for a specific term, an employment contract which provides for an annual rate of compensation, but does not reference duration, is not a contract for term, but is terminable at will by either Party. *Henkel v. Educational Research Council (1976), 45 Ohio St. 2d 249*, syllabus.

The trial court determined that the Malone offer letter provided broad guidelines concerning Johnson's employment, but did not constitute a contract. [HN3] The terms and conditions of employment at will can be prospectively altered without consideration. Nichols v. Waterfield Financial Corp. (May 3, 1989), Summit App. No. 13917, unreported, citing Annotation (1975), *63 A.L.R. 3d 539, 544-45*. Even if consideration were required to modify the at-will employment, Johnson's continued employment until her own resignation constituted sufficient consideration to modify the terms of employment. See Nichols, supra, citing O'Brien[*6] v. Production Engineering Sales Co. (Jan. 8, 1988), Montgomery App. No. 10417, unreported, and

Wellendorf v. Local Union 377 (June 7, 1988), Mahoning App. No. 87 C.A. 37, unreported.

Accordingly, Malone's later changes in Johnson's status and duties cannot be interpreted at law as a breach, but rather constitute prospective changes in the terms of her employment at will, to which she assented by continuing her association with Malone. Johnson argues that the question of whether she was engaged for a specific term is irrelevant to the determination of whether Malone adhered to the original terms of Johnson's employment. We disagree.

[HN4] Employment at will may be altered by express or implied contract, which may be created by company policy or oral representations. *Mers, supra, 19 Ohio St. 3d at 104*. In the instant case, Johnson continued to work for Malone after November, 1984, although she was made aware of the lack of an incentive bonus plan and an employee stock purchase plan, and the fact that she would not be receiving any incremental raise in compensation. Thus, while the terms of her employment with Malone were altered by Malone policies and oral representations, [*7] Johnson's decision to continue to work for Malone under the new provisions of her employment constituted sufficient consideration to modify the terms thereof. Accordingly, the trial court did not err in granting summary judgment to Malone upon the allegation of breach of contract in Johnson's complaint.

Johnson next asserts that the trial court erred by declining to apply the doctrine of promissory estoppel in support of her claims. [HN5] Promissory estoppel may be applicable to an employment at will situation when a promise which the employer should reasonably expect to induce action or forbearance on the part of the employee does induce such action or forbearance, if injustice can be avoided only by enforcement of the promise." *Mers, supra, at 105*. The trial court determined that Malone's offer letter contained no promises upon which to base promissory estoppel. Even if this court concluded that the offer letter made promises to Johnson, her decision to continue to work for Malone after she became aware of the evanescence of the bonus and stock option plans altered the terms of her employment with Malone. Accordingly, the promises lost meaning when Johnson became aware of their lack[*8] of bases, but continued to work for Malone under the new terms of employment The court did not err by declining to apply Johnson's theory of promissory estoppel.

Johnson argues that the court erred by dismissing her claims of intentional or negligent infliction of emotional distress. In *Yeager v. Local Union 20 (1983), 6 Ohio St. 3d 369*, syllabus, the Ohio Supreme Court recognized an independent cause of action for the intentional infliction of emotional distress: [HN6] "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." In defining the parameters of "extreme and outrageous", the Court stated that such conduct must be "* * * so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable, in a civilized community * * *." *Id. at 375*.

The trial court found as a matter of law that Malone's conduct toward Johnson, and Johnson's alleged physical and emotional distress, were insufficient to support her claim. [*9] Upon review of the record, we cannot disagree; the trial court did not err by granting summary judgment in favor of Malone on Johnson's claim of intentional or negligent infliction of emotional distress.

Johnson also argues that the court erred by failing to grant summary judgment in her favor upon each of her claims. She states that the essential evidence supporting each of her claims is undisputed, that it is at least sufficient to require the legal conclusion that reasonable minds could find for Johnson on each claim, and that she was thus entitled to judgment as a matter of law on each claim.

We need only reference the analysis of this court in our discussion herein to find this assignment without merit.

ASSIGNMENTS OF ERROR

"VI. The court abused its discretion in failing to grant leave to amend the complaint to allege fraud.

"VII. The court erred in failing to find that reasonable minds could conclude that defendants' conduct was willful and fraudulent.

Because these assignments of error are interrelated, they are considered together.

Johnson filed her original complaint on February 18, 1986. On September 17, 1987, Malone moved the trial court for summary judgment. Johnson[*10] filed her own motion for summary judgment on September 29, 1987. On October 9, 1987, Johnson moved the court to permit her to file an amended complaint Pursuant to Civ. R. 15(A), stating that "[t]he reason for this Amended Complaint is that new evidence suggests that [Malone's] conduct constituted fraud * * *." Johnson filed a copy of the amended complaint on the same date. On October 16, 1987, Malone filed a response in opposition to Johnson's

motion to amend her complaint. On October 26, 1987, Johnson replied to Malone's response.

The case continued through court-ordered participation in the Summit County Court of Common pleas Settlement Week in June, 1988, and referral to arbitration in September, 1988, as well as continued discovery proceedings, and concluded in the court's April 28, 1989, order granting summary judgment to Malone.

The record does not contain any ruling by the court on Johnson's motion to amend her complaint to include an allegation of fraud. Because the court entered summary judgment without ever having ruled upon Johnson's motion to amend, this court must presume that the motion to amend was overruled. *Mancino v. Lakewood (1987), 36 Ohio App. 3d 219, [*11] 222.*

Civ. R. 15(A) provides:

[HN7] "Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires. * * *."

[HN8] Because the decision whether to grant leave to amend is within the discretion of the trial court, *Hoover v. Sumlin (1984) 12 Ohio St. 3d 1,* the denial of leave to amend will not be disturbed on appeal absent a showing of abuse of discretion. *Solowitch v. Bennett (1982), 8 Ohio App. 3d 115.* "[W]here it is possible that the plaintiff, by an amended complaint, may set forth a claim upon which relief can be granted, and is tendered timely and in good faith and no reason is apparent or disclosed for denying leave, the denial of leave to file such amended complaint is an abuse of discretion. * * *." *Peterson v. Teodosio (1973), 34[*12] Ohio St. 2d 161, at 175.*

Malone asserts that Johnson's motion to amend was correctly denied because it was filed almost twenty months after the original complaint, and three weeks after both parties had filed Summary judgment motions. Johnson claims that it was only through new evidence gained by ongoing discovery that she determined that an allegation of fraud could be supported.

One of the requirements of *Peterson, supra,* is that the amended complaint be timely tendered. It is undisputed that Johnson attempted to amend her complaint nearly twenty months into litigation, after both parties had moved the court for summary judgment. [HN9] An attempt to amend a complaint following the filing of a motion for Summary judgment raises the spectre of prejudice. Thus, "plaintiffs should not be permitted to sit by for this period and bolster up their pleadings in answer to a motion for Summary judgment." *Eisenmann v. Gould-National Bakeries, Inc. (E.D. Pa. 1958), 169 F. Supp. 862, 864,* citing *County of Marin v. United States (N.D. Ca. 1957), 150 F. Supp. 619, 623.* Accordingly, Johnson's sixth error assigned is not well taken.

Johnson's seventh assignment of error claims that [*13] the court erred by not granting judgment in her favor on the amended complaint's allegation of fraud. Johnson concedes that the court did not address her claim of fraud, and this court has determined above that the trial court did not err by denying her leave to amend her complaint to include that allegation. Thus, Malone is correct in concluding that the merits of Johnson's fraud claim are not properly before this court. Accordingly, Johnson's seventh error assigned is without merit.

CONCLUSION

Based upon the foregoing, the judgment of the trial court is affirmed.

The Court finds that there were reasonable grounds for this appeal.

We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E).

Costs taxed to appellants.

Exceptions.