James B. Wiltberger, Plaintiff-Appellee, v. William J. F.Davis et al., Defendants-Appellees, Lauterbach & Eilber, Defendant-Appellant.
No. 93AP-1031 (REGULAR CALENDAR)

COURT OF APPEALS OF OHIO, TENTH APPELLATE DISTRICT, FRANKLIN COUNTY

1994 Ohio App. LEXIS 3012

June 30, 1994, Rendered

NOTICE:

[*1] THE LEXIS PAGINATION OF THIS DOCUMENT IS SUBJECT TO CHANGE PENDING RELEASE OF THE FINAL PUBLISHED VERSION.

PRIOR HISTORY: APPEAL from the Franklin County Court of Common Pleas.

DISPOSITION: Judgment reversed and cause remanded.

CASE SUMMARY:

PROCEDURAL POSTURE: Appellant insurance agency sought review of a judgment by the Franklin County Court of Common Pleas (Ohio), which denied its motion for summary judgment and dismissed appellee insurance agent's action without prejudice for failure to prosecute pursuant to Ohio R. Civ. P. 41(B)(1).

OVERVIEW: The insurance agent entered into an agreement with another insurance agent and his agency to write general casualty, property, and fidelity insurance through the insurance agency, which merged with another agency, on a commission basis. He sought to recover unpaid commissions and filed a complaint against the insurance agent and both insurance agencies alleging breach of contract, fraud in the formation of a contract, negligent misrepresentation, and conversion. The insurer filed a motion to dismiss, which was converted to a motion for summary judgment and overruled by the trial court. The trial court dismissed the insurance agent's on without prejudice for failure to prosecute pursuant to Ohio R. Civ. P. 41(B)(1). On appeal, the court reversed. The court found that the insurer had not assumed any debts of the other insurance agent or his agency. The court ruled that the insurance agent's attachment of an unsworn letter, alluding to a merger between the agencies, to his memorandum in opposition failed to meet his burden of production. Thus, the court held that the insurer's motion for summary judgment should have been granted on the ground that it was not a successor in interest.

OUTCOME: The court reversed the denial of the insurance agency's motion for summary judgment.

CORE TERMS: plaintiff-appellee, cross-appellant, summary judgment, assignment of error, matter of law, continuance, memorandum, assignments of error, cause of action, abused, successor in interest, journal entry, contractual, conversion, formation, partial, contra, documentary evidence, motion to dismiss, overruling, genuine issue of material fact, burden of production, produce evidence, affirmative duty, opposing party, moving party, predicated, negligent misrepresentation, performance of a contract, failure to prosecute

LexisNexis (TM) HEADNOTES - Core Concepts:

Civil Procedure: Summary Judgment: Summary Judgment Standard
[HN1] Under Ohio R. Civ. P. 56(C), the court may "look behind" the pleading to determine whether or not any genuine issue of fact exists for trial. If not, the movant is entitled to final judgment as a matter of law without a trial.

Civil Procedure: Summary Judgment: Burdens of Production & Proof
[HN2] The moving party has the burden to demonstrate the non-existence of any material factual issues and to demonstrate that summary judgment is appropriate. Once the moving party satisfies this burden, the party opposing the motion has the affirmative duty to produce evidence on any issue for which that party bears the burden of production at trial.

Civil Procedure: Summary Judgment: Summary Judgment Standard

Whisman, et al. v. Ford
1:02-CV-406
Defendant's MSJ Appendix
**TAB 13**

[HN3] Summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. Ohio R. Civ. P. 56(C).

Civil Procedure: Summary Judgment: Supporting Papers & Affidavits
[HN4] A trial court is precluded from considering any documentary evidence of a type not specified in Ohio R. Civ. P. 56(C) unless there is a waiver by the failure of the opposing party to object. Additionally, documentary evidence may be considered if it is incorporated by reference in a properly framed affidavit pursuant to Ohio R. Civ. P. 56(E).

Civil Procedure: Appeals
[HN5] Ohio R. App P. 12 requires the court of appeals to decide each assignment of error and give reasons in writing, unless an assignment of error is rendered moot by ruling on another assignment of error.

Torts: Business & Employment Torts: Deceit & Fraud
Contracts Law: Defenses: Fraud & Misrepresentation
[HN6] It is firmly established in Ohio that a misrepresentation, in order to be the basis for an action for fraud, must relate to a fact which either exists in the present or has existed in the past. It is also clear in Ohio that fraud cannot be predicated upon promises or representations relating to future actions or conduct. Representations as to what is to be performed or what will take place in the future are regarded as prediction and are generally not fraudulent. However, if it can be shown that a representation was untrue or was made with the intent to mislead, then fraud may be predicated thereon, notwithstanding the future nature of the representation.

Civil Procedure: Entry of Judgments
[HN7] Ohio R. Civ. P. 58(A) requires a "judgment to be prepared" following a decision, as a judgment is effective only when entered by the clerk upon the journal. A court speaks only through its journal.

COUNSEL: Artz, Dewhirst & Farlow, Brian S. Artz and Beverly L. Farlow, for plaintiff-appellee.

E. Bruce Hadden, for defendants-appellees.

Martin, Pergram, Browning & Parker Co., L.P.A., and Stephen D. Martin, for defendant-appellant.

JUDGES: YOUNG, BOWMAN, REILLY

OPINIONBY: YOUNG

OPINION: OPINION

YOUNG, J.

This is a civil matter arising from a dispute between two insurance agents concerning commissions due and owing from one agent to another. Defendant-appellee, William J.F. Davis, operates Affiliated Risk Managers Agency ("ARMA"). Plaintiff-appellee, James B. Wiltberger, entered into an agreement with ARMA to write general casualty, property and fidelity insurance through ARMA on a commission basis. In his complaint, plaintiff-appellee alleged that he was never paid the commissions to which he was entitled.

Plaintiff-appellee filed his original complaint against the defendants, William J.F. Davis, ARMA and Lauterbach & Eilber, Inc. ("L&E"), on September 5, 1990. In his original[*2] complaint, plaintiff-appellee alleged breach of contract, fraud in the formation of a contract, negligent misrepresentation and conversion. On October 16, 1990, the appellant, L&E, filed a motion to dismiss which was converted to a motion for summary judgment. In its motion, L&E argued that it was not a successor in interest to either Davis or ARMA and was therefore not a proper party to the lawsuit. The trial court overruled L&E's motion in a decision filed November 23, 1990. A journal entry to this effect was filed on January 16, 1991.

Davis and ARMA also filed a motion for summary judgment. On May 13, 1992, the trial court granted partial summary judgment and dismissed plaintiff-appellee's claims for fraud in the formation of a contract, negligent misrepresentation and conversion. No journal entry was ever filed.

However, as a result of the court's decision granting partial summary judgment, plaintiff-appellee filed an amended complaint on August 21, 1992. In his amended complaint, plaintiff-appellee alleged breach of contract, fraud in the formation of a contract, fraud in the performance of a contract and assumption of debt. Again, Davis and ARMA moved for partial summary[*3] judgment. On October 23, 1992, the trial court issued its decision, granting partial summary judgment and dismissing plaintiff-appellee's claims for fraud in the formation of a contract and fraud in the performance of a contract. A journal entry to this effect was filed on December 24, 1992.

This matter was originally set for trial on October 1, 1991, and finally came on for trial on April 26, 1993,

after four motions for continuance, three of which were initiated by plaintiff-appellee. On April 26, 1993, Davis, ARMA, and L&E, with their respective counsel, appeared for trial. However, plaintiff-appellee failed to appear for trial on that date, although counsel for plaintiff-appellee was present. At that time, counsel for appellant, L&E, moved for a dismissal for failure to prosecute. This motion was denied. Counsel for plaintiff-appellee asked the court for a voluntary dismissal pursuant to Civ.R. 41(A). This request was also denied and the trial court dismissed plaintiff-appellee's claims without prejudice, pursuant to Civ.R. 41(B)(1), for failure to prosecute.

Appellant, L&E, appeals the trial court's decision and sets forth the following assignments of error:

"I. ASSIGNMENTS[*4] OF ERROR:

"A. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN DENYING APPELLANT LAUTERBACH & EILBER, INC.'S MOTION TO DISMISS CONVERTED TO MOTION FOR SUMMARY JUDGMENT.

"B. THE TRIAL COURT ABUSED ITS DISCRETION IN DISMISSING APPELLEE'S CLAIMS WITHOUT PREJUDICE PURSUANT TO OHIO CIVIL RULE 41(B)(1) AS THE DISMISSAL SHOULD HAVE BEEN WITH PREJUDICE."

In its first assignment of error, appellant asserts that the trial court erred in overruling its motion for summary judgment. Appellant argues that the only allegation in the complaint that pertains to appellant is the allegation that appellant assumed the debt owed to plaintiff-appellee.

In his complaint, plaintiff-appellee alleges that during Davis' operation of ARMA, either Davis or ARMA incurred a contractual debt to plaintiff-appellee. Plaintiff-appellee further alleges that appellant became the successor in interest of ARMA, and therefore became liable to plaintiff-appellee for the debts and obligations of Davis and/or ARMA.

On October 16, 1990, appellant filed its motion for summary judgment, arguing that it was not a successor in interest to either Davis or ARMA. The affidavit of Kenneth Carey, the treasurer of L&E, was[*5] attached to appellant's motion for summary judgment. This affidavit stated that appellant had not merged with ARMA, that appellant was not the successor in interest to ARMA, and that appellant had not assumed any of the liabilities or contractual obligations of either Davis or ARMA.

Plaintiff-appellee filed a memorandum contra and attached an unsworn copy of a letter written on L&E letterhead. Apparently, this letter was to a client, and it alluded to the fact that L&E and ARMA may have merged. The letter was signed by William J.F. Davis as president. No other exhibits were attached to plaintiff-appellee's memorandum contra.

In appellant's reply memorandum, appellant objected to the attachment of the aforementioned letter, on the basis that it was not submitted in accordance with Civ.R. 56. However, the trial court found that issues of material fact existed, upon which reasonable minds could differ, and therefore overruled appellant's motion for summary judgment.

[HN1] Under Civ.R. 56(C), the court may "look behind" the pleading to determine whether or not any genuine issue of fact exists for trial. If not, the movant is entitled to final judgment as a matter of law without a trial. [*6]

[HN2] The moving party has the burden to demonstrate the non-existence of any material factual issues and to demonstrate that summary judgment is appropriate. *Morris v. Ohio Cas. Ins. Co. (1988), 35 Ohio St.3d 45, 517 N.E.2d 904;* see, also, *Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 526 N.E.2d 798,* syllabus. Once the moving party satisfies this burden, the party opposing the motion has the affirmative duty to produce evidence on any issue for which that party bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095,* paragraph three of the syllabus. [HN3] Summary judgment shall not be rendered unless it appears "from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor." Civ.R. 56(C).

Civ.R. 56(C) sets forth the type of documentary evidence that may be considered in order to determine whether or not a genuine issue of material fact exists. [HN4] A trial court is precluded from considering[*7] any documentary evidence of a type not specified in Civ.R. 56(C) unless there is a waiver by the failure of the opposing party to object. *Spier v. American Univ. of the Caribbean (1981), 3 Ohio App.3d 28, 443 N.E.2d 1021.* Additionally, documentary evidence may be considered if it is incorporated by reference in a properly framed affidavit pursuant to Civ.R. 56(E). *Biskupich v. Westbay Manor Nursing Home (1986), 33 Ohio App.3d 220, 515 N.E.2d 632.* In the case at bar, plaintiff-appellee did not have any affidavits attached to his memorandum contra.

Further, in its reply memorandum, appellant objected to the letter attached to plaintiff-appellee's memorandum contra, therefore, no waiver occurred.

Consequently, plaintiff-appellee failed to meet his burden of producing evidence to demonstrate that appellant assumed debts of Davis or ARMA. As only properly submitted evidence may be considered in ruling on a motion for summary judgment, the trial court erred in considering the above-referenced letter. Therefore, the only proper evidence before the trial court, was the affidavit of Kenneth Carey, treasurer of L&E, which stated that L&E had not assumed any of the debts or contractual[*8] obligations of Davis or ARMA. Construing this evidence in a light most favorable to plaintiff-appellee, reasonable minds can only conclude that appellant has not assumed any debts or contractual obligations of Davis or ARMA. Therefore, the trial court erred in overruling appellant's motion for summary judgment. Appellant's first assignment of error is sustained.

By its second assignment of error, appellant contends that the trial court abused its discretion when it dismissed plaintiff-appellee's claims without prejudice. Appellant argues that the claims should have been dismissed with prejudice. Appellant's second assignment of error has been rendered moot because of our disposition of appellant's first assignment of error. [HN5] App.R. 12 requires the court of appeals to decide each assignment of error and give reasons in writing, unless an assignment of error is rendered moot by ruling on another assignment of error. Accordingly, appellant's second assignment of error is moot, and is therefore overruled.

Plaintiff-appellee has also appealed the judgment of the trial court and sets forth the following assignments of error in his cross-appeal:

"1. The trial court erred as a matter[*9] of law when it dismissed Plaintiffs' cause of action for fraud in the performance of the contract.

"2. The trial court erred as a matter of law when it dismissed Plaintiffs' causes of action for conversion.

"3. The trial court abused its discretion and erred as a matter of law when it refused to grant Plaintiffs' motion for a continuance.

"4. The trial court erred as a matter of law when it dismissed Plaintiffs' complaint sua sponte pursuant to Ohio Civil Rule 41(B)(1), and overruled Plaintiffs' motion to dismiss pursuant to Ohio Civil Rule 41(A)."

For purposes of handling the assignments of error in the cross-appeal, we will address plaintiff-appellee, Wiltberger, as the "cross-appellant" and appellant, L&E, as "cross-appellee."

In his first assignment of error, cross-appellant contends that the trial court erred as a matter of law when it dismissed his cause of action for fraud in the performance of the contract. Cross-appellant bases this cause of action on his assertion that Davis and/or ARMA continued to make false representations and promises and concealed information from him throughout the term of the contract. Specifically, cross-appellant asserts that[*10] Davis and ARMA represented that they would supply cross-appellant with certain monthly records, and that he would be paid certain commissions throughout the term of the contract.

The trial court sustained the motion for summary judgment of Davis and ARMA, with respect to this cause of action. This decision was filed on October 27, 1992, and a journal entry to this effect was filed on December 24, 1992. In its decision, the court stated:

"Count three alleges fraudulent performance of the contract by Davis and ARMA. Plaintiff submitted the deposition of Barbara L. Schloesser who testified that Defendant Davis remarked that Wiltberger was not receiving all of his commissions on the Sutphen Performance Bonds. However, this remark occurred about five years after the contracts were formed. Plaintiffs have presented no evidence to show that Defendants did not intend to perform the contract at the time they entered into it. As was stated in this Court's May 13, 1992 Decision, 'fraud may not be based upon promises to perform future acts unless it can be shown that the promises were made with a then present intent not to perform.' * * *"

This court agrees with the holding of the[*11] trial court. As set forth in *Behrend v. State (1977), 55 Ohio App.2d 135, 379 N.E.2d 617,* a false representation must relate to a present or past fact. *Id. at 142.* [HN6] It is firmly established in Ohio that a misrepresentation, in order to be the basis for an action for fraud, must relate to a fact which either exists in the present or has existed in the past. *Block v. Block (1956), 165 Ohio St. 365 at 377, 135 N.E.2d 857; Stone v. Wainwright (1923), 19 Ohio App. 161; Glass v. O'Toole (1930), 36 Ohio App. 450, 173 N.E. 214;* and *J.B. Colt Co. v. Wasson (1922), 15 Ohio App. 484.* It is clear in Ohio that fraud cannot be predicated upon promises or representations relating to future actions or conduct. *Tibbs v. National Homes Constr. Corp. (1977), 52 Ohio App.2d 281, 369 N.E.2d 1218.* Representations as to what is to be performed or what will take place in the future are regarded as

prediction and are generally not fraudulent. *J.B. Colt, supra.* However, if it can be shown that a representation was untrue or was made with the intent to mislead, then fraud may be predicated thereon, notwithstanding the future nature of the representation. *Behrend, supra.* [*12]

In the instant action, Davis and ARMA filed a motion for summary judgment with respect to cross-appellant's fraud action. As mentioned above, the party seeking summary judgment bears the initial burden of identifying the elements of his opponent's case which raise no genuine issue of material fact. *Mitseff, supra.* Once this burden is satisfied, the opposing party has the affirmative duty to produce evidence on any issue for which that party bears the burden of production at trial. *Wing, supra.*

Thus, in order to defeat summary judgment, cross-appellant had the responsibility of coming forth with evidence on the issue of fraud. It was cross-appellant's duty to present evidence to show that Davis and ARMA did not intend to perform at the time they entered into the contract. However, cross-appellant produced no evidence on the question of Davis' and ARMA's intent at the time that the parties entered into the contract, as required by *Wing, supra.* Therefore, cross-appellant's first assignment of error is overruled.

In his second assignment of error, cross-appellant contends that the trial court erred by dismissing his cause of action for conversion. After cross-appellant[*13] filed his original complaint, Davis and ARMA moved for summary judgment on cross-appellant's conversion claim. The trial court sustained the motion for summary judgment by decision dated May 13, 1992. We note that the subsequent motion for summary judgment, which was decided on October 27 and filed on December 24, 1992, did not address cross-appellant's conversion claim.

The trial court's decision of May 13, 1992 was never journalized. [HN7] Civ.R. 58(A) requires a "judgment to be prepared" following a decision, as a judgment is effective only when entered by the clerk upon the journal. A court speaks only through its journal. *Torres v. Sears, Roebuck & Co. (1980), 68 Ohio App.2d 87, 89, 427 N.E.2d 32;* see, also, *St. Vincent Charity Hosp. v. Mintz (1987), 33 Ohio St.3d 121, 515 N.E.2d 917.* Since no entry has been filed, this court has no jurisdiction to hear cross-appellant's second assignment of error. Accordingly, cross-appellant's second assignment of error is overruled.

By his third assignment of error, cross-appellant asserts that the trial court abused its discretion by refusing to grant his motion for a continuance. However, four prior continuances were granted by the[*14] trial court, three of which were initiated by cross-appellant. When the case finally came on for trial, defendants were all present and ready to proceed. However, cross-appellant did not appear. Cross-appellant, through his counsel, on the day of trial asked the court for another continuance. It cannot be said that the trial court abused its discretion by refusing to grant a fifth continuance. Therefore, cross-appellant's third assignment of error is overruled.

Finally, cross-appellant asserts that the trial court erred in dismissing his complaint sua sponte pursuant to Civ.R. 41(B)(1), while overruling his motion to dismiss pursuant to Civ.R. 41(A). This contention is without merit. As the trial court dismissed the complaint without prejudice, cross-appellant has not been harmed in any respect. Accordingly, cross-appellant's fourth assignment of error is overruled.

For the foregoing reasons, appellant's first assignment of error is sustained, appellant's second assignment of error is moot and for that reason is overruled, and all four of cross-appellant's assignments of error are overruled and this cause is remanded to the Franklin County Court of Common Pleas for further proceedings[*15] consistent with this opinion.

Judgment reversed and cause remanded.

BOWMAN and REILLY, JJ., concur.

REILLY, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.