IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Everett W. Whisman, et al., | : | Case No. C-1-02-406 |
| Plaintiffs, | : | Judge Beckwith |
| vs. | : | Magistrate Judge Sherman |
| Ford Motor Company et al., | : | |
| Defendant. | : | |

CONFIDENTIALITY AGREEMENT AND
ORDER GOVERNING THE EXCHANGE AND
PROTECTION OF CONFIDENTIAL INFORMATION

To expedite and govern the handling of documents, answers to interrogatories, responses to requests for admissions, depositions, and any other information exchanged by the parties ("Discovery Materials") in this action, facilitate the prompt resolution of disputes over the confidentiality of information, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is hereby ORDERED as follows:

1. The parties have the right to designate as confidential any Discovery Materials in this action which the responding party believes in good faith contains trade secrets, proprietary or confidential business, financial, or commercial information, and private personnel information ("Confidential Discovery Material").

2. Confidential Discovery Material produced in this case, and copies thereof, and the information contained therein, shall only be made available to and inspected by:

(a) The named Plaintiffs and Defendants;

(b) Counsel for the parties in this action, and their employees who are working on this litigation;

(c) Expert witnesses and consultants, and their employees, who are directly employed or retained in connection with this action by counsel for the parties, to the extent that such disclosure is necessary for the prosecution or defense of this case;

(d) Other witnesses or deponents and their counsel, during the course of or in preparation for deposition or testimony in this action as necessary for the prosecution or defense of this litigation;

(e) Services retained by counsel to photocopy, transcribe or image documents or evidence;

(f) Court reporters and videographers of sworn proceedings; and

(g) The Court and court personnel who are required to inspect such materials in the performance of their duties.

3.  All Confidential Discovery Material, including all copies and information obtained from such discovery materials, shall, subject to the provisions hereof, be used by the party receiving it only in connection with prosecuting or defending this action. Confidential Discovery Material shall not be used for any business, competitive, or other purpose, and shall not be disclosed to any person, or entity, except as provided herein. Other categories of Confidential Discovery Material also exist.

4.  The parties shall designate Confidential Discovery Material as follows:

(a) In the case of documents, things, interrogatory answers, responses to requests for admissions and information contained therein, designation shall be made by stamping the legend *"Confidential"* at the time the material is produced. Inadvertent failure to designate a document as "Confidential" may be corrected by supplemental written notice given as soon as practicable.

(b) In the case of depositions, designation of a portion of the transcript (including exhibits) as Confidential shall be made by a statement to such effect on the record in the course of the deposition or within 14 days after receipt of such transcript by counsel for the party to whose Confidential Discovery Material the deponent has had access. Counsel shall list on a separate piece of paper the numbers of the pages of the transcript containing Confidential Discovery Material, inserting the list at the end of the transcript, and faxing copies of the list

to counsel for all parties so that it may be affixed to the face of the transcript and each copy thereof. The party disclosing Confidential Discovery Materials shall have the right to exclude from attendance at the deposition during such time as the Confidential Discovery Material is to be disclosed, any person other than the deponent and the persons agreed upon pursuant to Paragraph 2 above.

(c) In the event the producing party elects to produce documents and things for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of this initial inspection, all documents and things will be considered as stamped Confidential. After the inspecting party has selected specified documents for copying, the producing party shall, at the time copies are produced to the inspecting party, mark those documents that contain protected subject matter with the appropriate confidentiality marking.

(d) Transcripts of depositions will not be filed with the Court unless it is necessary to do so for the purposes of trial or motion hearings. If a deposition transcript containing Confidential Discovery Material is filed, the transcript shall bear the appropriate legend(s) on the caption page and shall be filed under seal, consistent with Paragraph 8, below.

5. The persons described in paragraph 2 (other than counsel of record for the parties) shall have access to Confidential Discovery Materials only after they have been made aware of the provisions of this Order and have manifested their assent to be bound thereby by signing a copy of the attached "CONFIDENTIALITY AGREEMENT." Counsel shall maintain a list of the names of all persons to whom Confidential Discovery Material is disclosed, and such list shall be available for inspection by the Court upon good cause shown by opposing counsel. At the time of final termination of this lawsuit by settlement, judgment or otherwise, counsel shall, upon request, provide opposing counsel with a copy of the pertinent aforementioned list(s). All persons receiving Confidential Discovery Material are enjoined from disclosing such material to any other person except in conformance with this Order.

6. Each individual who receives any Confidential Discovery Material hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceeding related to the performance under, compliance with, or violation of this Order.

7. In the event that counsel for either party determines that the prosecution of this action requires Confidential Discovery Material to be disclosed to persons not otherwise authorized herein, such counsel shall provide the other party written notice by facsimile or hand delivery of the intended disclosure. The notice shall specify with particularity the Confidential Discovery Material to be disclosed and the identity of the otherwise unauthorized person, and shall be given not less than five (5) business days prior to intended disclosure, unless a shorter period is agreed to by the parties in a particular instance. If, within five (5) business days after receipt of such notice, a party objects in writing to the proposed disclosure, the Confidential Discovery Material shall not be disclosed to the otherwise unauthorized person unless the Court so orders.

8. Confidential Discovery Material or documents containing information contained in or derived from such material shall, if filed with the Court, be filed in sealed envelopes bearing the title of this action and marked "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER." Such envelopes shall be opened only as the Court directs.

9. In the event that any party or its counsel receives a third party subpoena or other form of legal process requesting Confidential Discovery Materials produced in this case, the party receiving such request will, within five days of being served, provide opposing counsel with written notice by facsimile or hand delivery that such a request was received and include a copy of the request with the written notice. The party receiving the third party subpoena or other form of legal process shall not produce the requested documents for at least ten business days after giving such notice, unless the opposing party states in writing that it does not intend to seek protection in connection with the third party subpoena or other form of legal process concerning Confidential Discovery Material. If the subpoena or other form of legal process requires

production of Confidential Discovery Material in less than fifteen days, the receiving party must provide the written notice described above by facsimile immediately.

10. If Confidential information is disclosed to any person other than in the manner authorized by this Order, the person responsible for this disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the producing party and, without prejudice to any other rights and remedies of the parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

11. If through inadvertence, a producing party provides any information subject to a claim of attorney-client privilege, attorney work product or other privilege or immunity, the producing party may, upon learning of this inadvertent production seek the return of the documents. The receiving party shall promptly return the documents and destroy all summaries or analyses of the same. The receiving party shall have the right to challenge the designation of material as privileged or work product.

12. At the conclusion of this action, all discovery material labeled "Confidential" including all copies, extracts, compilations and summaries, and all documents containing information taken therefrom, shall be returned to the producing party no later than thirty (30) days after any judgment or order terminating this action has become final.

13. In the event additional parties are added to this litigation, counsel for each party added shall sign a duplicate original of this Confidentiality Agreement and Order, send it to all other counsel, and cause the duplicate original to be filed with the Court.

14. Nothing in this Order precludes a party from challenging the propriety of another party's designation of discovery material as Confidential. The parties shall first attempt to resolve any disputes of this nature in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court.

15. In order to permit discovery to proceed without further delay, the parties agree that this Protective Order shall be effective from the date on which it is executed by counsel for the parties and shall apply and be enforceable from that date forward with respect to all discovery in this matter, including materials produced at any time after the commencement of this case.

16. The parties acknowledge that they have had discussions regarding the possibility of designating certain documents or information as "Attorneys Eyes Only" and agree to further discuss this issue should any party raise this issue during the course of this litigation.

CONSENTED TO:

_____
David M. Cook (0023469)
Stephen A. Simon (0068268)
DAVID M. COOK, LLC
22 West Ninth Street
Cincinnati, Ohio 45202
(513) 721-7500 telephone
(513) 721-1178 (facsimile)

Attorneys for Plaintiffs
Everett W. Whisman, et al.

_____
Ellen J. Darling (0043554)
Jeffery L. VanWay (0069175)
BAKER & HOSTETLER LLP
312 Walnut Street, Suite 3200
Cincinnati, Ohio 45202-4038
(513) 929-3400 telephone
(513) 929-0303 facsimile

Attorneys for Defendant
Ford Motor Company

_____
John J. Hunter, Jr. (0034602)
HUNTER & SCHANK CO., LPA
One Canton Square
1700 Canton Avenue
Toledo, OH 43624
(419) 255-4300
(419) 255-9121 (fax)

Approved:

_____
Judge Beckwith

6