**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

**EVERETT W. WHISMAN, et al.**

            Plaintiffs,

-vs-

**ZF BATAVIA, LLC, et al.**

            Defendants.

Case No. C-1-02-406

Judge Beckwith

Magistrate Sherman

**REPLY BRIEF OF DEFENDANT ZF**
**BATAVIA IN SUPPORT OF ZF**
**BATAVIA'S MOTION FOR**
**SUMMARY JUDGMENT**

**NOW COMES** ZF Batavia, LLC (hereinafter "Batavia"), by and through counsel, and respectfully provides its reply to the response of the Plaintiffs.

In its Motion for Summary Judgment ZF Batavia incorporated by reference the arguments of Ford Motor Company as to the Employment Claims and likewise adopts the arguments of Ford as set forth in its Brief in Support of Summary Judgment. As to the FLSA Claims the Defendant, Batavia, will reply to the Response of the Plaintiffs on an issue-by-issue basis as raised by the Plaintiffs. Plaintiffs have asserted that there exists some genuine issue of fact as to the following issues:

a. Whether or not Batavia has actually docked any salaried exempt employee.

b. Whether or not Batavia "…threatened its Salaried Workforce with 'Pay Adjustments' for Timesheet Discrepancies…"

c. Whether or not Batavia regularly compared the timesheets for its salaried exempt employees with the time reports of the Honeywell electronic readers at the Batavia facility. Further Plaintiff's have misstated or misconstrued the applicable law in this matter, which

1

issue Batavia will address hereinafter.

It is noteworthy that the Plaintiffs only marginally addressed the issues relating to continuing this matter as a collective action and it appears that Plaintiffs have abandoned their attempt to bring this as a collective action.

The Fair Labor Standards claims in this matter arise from the Notice issued by Batavia in 2001 and referenced in the Motion for Summary Judgment of Batavia and the Reply of the Plaintiffs. The Plaintiffs have not asserted that they are entitled to summary judgment but rather appear to be relying on some metaphysical hope that this Court could find that as a practical matter, "there was some substantial likelihood of docking".[1]

## ARGUMENT

Despite the unsupported assertions of the Plaintiffs it is simply beyond dispute that there is no evidence before this Court that Batavia has ever docked the base pay of any salaried exempt employee. Plaintiffs have asserted somehow that the testimony of Mr. Huebner leaves open the issue of whether or not there has been any docking of salaried exempt employees. Mr. Huebner testified that "…I'm not aware of…" any such docking. (Huebner dep. At 54.) This is consistent with his affidavit and is undisputed by any other testimony. Further, such position is consistent with the Plaintiff's Responses to Request for Admissions wherein all of the Plaintiffs admitted they had no knowledge of any salaried exempt employee's base pay being docked. (See Plaintiff's Responses to Request for Admission, submitted with Batavia's Motion for Summary Judgment.)

As to what constitutes an issue of fact, the Supreme Court in the matter of <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986)) specifically held that:

---

[1] See <u>Auer v. Robbins</u>.

2

"…the issue of fact must be "genuine." Fed. Rules Civ. Proc. 56(c), (e). When the moving party has carried its burden under Rule 56(c), n12 **its opponent must do more than simply show that there is some metaphysical doubt as to the material facts**. See *DeLuca* v. *Atlantic Refining Co.*, 176 F.2d 421, 423 (CA2 1949) (L. Hand, J.), cert. denied, 338 U.S. 943 (1950); 10A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §2727 (1983); Clark, Special Problems [*587] in Drafting and Interpreting Procedural Codes and Rules, 3 Vand. L. Rev. 493, 504-505 (1950). Cf. *Sartor* v. *Arkansas Natural Gas Corp.*, 321 U.S. 620, 627 (1944**). In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial**." Fed. Rule Civ. Proc. 56(e)." Matsushita, at 581.  (emphasis added).

The Plaintiffs have not asserted, and could not assert, "specific facts" showing that there is any issue as to whether or not a salaried exempt employee has ever been docked by Batavia.

Plaintiffs have further asserted that there is a factual issue as to whether or not Batavia has threatened pay adjustments to its salaried employees. Batavia would assert that this is a non-issue as the law requires that there be either an actual deduction of base pay for a salaried exempt employee, which there was not, or a risk of deduction "as a practical matter" Auer v. Robbins, 519 U.S. 452 (1997).

In their response the Plaintiffs misstate the holding of the Court in Auer v. Robbins. The Plaintiffs have selected only portions of the language of Auer that completely mischaracterize the tenure of the Court's holding.  Specifically, the relevant language in Auer provides,

> "The Secretary of Labor, in an amicus brief filed at the request of the Court, interprets the salary-basis test to deny exempt status when employees are covered by a policy that permits disciplinary or other deductions in pay "as a practical matter." That standard is met, the Secretary says, if there is either an actual practice of making such deductions or an employment policy that creates a "significant

likelihood" of such deductions. The Secretary's approach rejects a wooden requirement of actual deductions, but in their absence it requires a clear and particularized policy-one which "effectively communicates" that deductions will be made in specified circumstances. This avoids the imposition of massive and unanticipated overtime liability (including the possibility of substantial liquidated damages, see, e.g., Kinney v. District of Columbia, supra, at 12) in situations in which a vague or broadly worded policy is nominally applicable to a whole range of personnel but is not "significantly likely" to be invoked against salaried employees." Auer.

The Court in Auer specifically held that the requirement of deductions "as a practical matter" is to avoid liability in a situation, as is the case here, where a vague or broadly worded policy could be applied to a range of employees.

In this case as can be seen on the face of the Notice, the notice was directed to an array of the Batavia employees except the hourly employees who are governed by a collective bargaining agreement. In the case at bar Plaintiffs have attempted to make much ado because the Notice was sent to all of the salaried employees of Batavia, both exempt and non-exempt. Plaintiffs have further asserted that there is nothing in the record regarding the existence of salaried non-exempt employees. As noted by Plaintiffs, Mr. Sennish, the Human Resource Director for Batavia, made reference to non-exempt employees at page 101 of his deposition. There is also a reference by Mr. Sennish to non-exempt employees in the medical and security areas of Batavia. (Sennish dep. page 141 line 5)

Further, so as to clarify any doubt as to the issue, attached hereto is the supplemental Affidavit of Mr. Huebner indicating that Batavia employs salaried non-exempt employees. As noted in the original Affidavit of Mr. Huebner, Batavia employs more than just hourly and salaried employees, specifically contract employees through both personnel agencies and by independent contracts with individuals, and also there are a handful of Ford salaried employees at the facility as

4

well. The notice was directed to and distributed to all of these employees.  Mr. Huebner did not specifically indicate, what would seem obvious, that there are salaried non-exempt employees at Batavia, in his original affidavit. As noted earlier, attached hereto is a supplemental affidavit attesting to that matter.

Plaintiffs' also argue that Batavia did not designate in the Notice between exempt and non-exempt employees that the Notice created a risk that exempt employees could be docked. However, it is undisputed that Batavia knew at the time that the Notice was issued that it could not dock the base salary of its exempt employees. (See Huebner Affidavit attached to Batavia Motion for Summary Judgment).[2]

The Plaintiffs further assert that Plant Manager admitted in his deposition that the "base pay of salaried employees" could be reduced.[3]  Appended to this reply is the affidavit of Mr. Newark explaining the statement that was made at the time of the deposition. (Newark Affidavit Exhibit 1) As noted in the affidavit of Mr. Newark he acknowledges that he did not fully think through his answer to the question in terms of salaried "exempt" employees.  As can be seen in the reply of the Plaintiffs', even counsel for Plaintiffs when referring to the Newark testimony did not delineate between salaried exempt and salaried non-exempt employees. While it is clear that it is inappropriate to dock the base pay of exempt salaried employees, this is not the case for salaried non-exempt employees.

The affidavit of Mr. Newark further goes on to note, as can be seen in the deposition transcript, that Plaintiffs' counsel in the deposition question did not distinguish between salaried exempt and salaried non-exempt employees. If, as Plaintiffs apparently now contend, the reference to

---

[2] See Huebner Affidavit, appended to the Motion for Summary Judgment of ZF Batavia, regarding his e-mail to Mr. Sennish and the research conducted regarding Fair Labor Standards compliance.

"salaried employees" in the question asked by Mr. Simon included salaried exempt employees, then the statement as to salaried exempt employees was incorrect and Mr. Newark has clarified that issue. It is further noteworthy that Mr. Newark in his deposition testified that to his knowledge no employee, exempt or otherwise, has ever had his or her pay docked. (Newark Deposition at page 86 line 24)

It is certainly less than coincidental in the Response of the Plaintiffs that they attempt to bolster Mr. Newark's testimony by statements made by Mr. Huebner. The fact of the matter is that Mr. Newark does not have responsibilities for payroll matters. (See Newark affidavit Exhibit 1) Further, as was testified to by Mr. Sennish, prior to any docking consideration would have been given to FLSA compliance. (Sennish dep. at page 102 line 1) Further, the Court will recall that Batavia knew through the research completed by Mr. Huebner that it would not be appropriate to dock salaried exempt employees for time keeping discrepancies. (See Huebner dep. at page 53 line 9, Exhibit 138 and Plaintiffs' reply at page 18)

Plaintiffs have next asserted that Batavia has offered multiple reasons, which are inconsistent, for the issuance of the Notice. Batavia would acknowledge that the Notice was issued for multiple reasons. This issue is best summarized by Mr. Newark in his deposition. Starting at page 81 line 24 and continuing through page 85 line 11 Mr. Newark explains that there were multiple functions for this memo. Counsel even seems to acknowledge that there were multiple motivations for the issuance of the Notice. At page 84 line 7, counsel inquired "Was one of the motivations for this policy…", essentially acknowledging the Notice was issued for multiple purposes. It is however, this multiple function that makes the Notice broad and vague, as that term would be defined by Auer. As

---

[3] See Whisman Reply at 10(b) and (b)(1).

noted earlier such a broad policy should not normally cause loss of the exempt status of the salaried exempt employees.

The Plaintiffs have also asserted that Batavia reviewed the electronic readouts on a regular basis thereby creating a risk of docking of salaried exempt employees base pay. For this proposition the Plaintiffs have directed the Court to the testimony of Mr. Jeff Howard. The Plaintiffs neglected to mention however, that Mr. Howard's testimony was that neither Mr. Huebner nor Mr. Sennish had ever made a request to review the time reports. (Howard deposition at page 12 line 5.) The only fact that Mr. Howard testified to was that he reviewed perhaps 12 reports per year. (Howard dep. at page 13 line 12.)

Further, Plaintiffs have asserted that "... the frequency of these requests is likely much greater..." (Plaintiff's Reply at page 6.) This "likelihood" is again based upon the testimony of Mr. Howard. Aside from the fact that such "likelihood" is not relevant as to summary judgment such potential inference is not supported by the record. Plaintiffs' counsel, just as was the case with Mr. Newark, in the Howard deposition did not limit the inquiry to salaried exempt employees, and therefore the inference to salaried exempt employees is not supported in the record.

Clearly there is nothing in the record to support the claim of the Plaintiffs that salaried exempt time reports were being reviewed on a regular basis. To the contrary the testimony of Mr. Sennish is undisputed that Batavia didn't review the reports. (Sennish at page 102 line 14). If Plaintiffs had intended to direct the inquiry to salaried exempt employees such inquiry, just as with Mr. Newark, could have been made. Given the record as it exists Plaintiffs have supplied no record to this Court upon which a finding could be made that Batavia had a practice of reviewing the time sheets of its salaried exempt employees, or for that matter any of its employees.

The Plaintiffs have also asserted that Batavia has placed nothing in the record to show that the alleged violations were not willful. This assertion is likewise unsupported by the record. The record is undisputed that Batavia through Mr. Huebner reviewed the provisions of the Fair Labor Standards Act (Huebner dep. at page 53 line 9). Further Sennish testified that any action taken as to an employee would as a matter of policy be reviewed to assure FLSA compliance. ( Sennish dep. at page 102 line 1) Further, the record is beyond dispute that no salaried exempt employee has ever suffered a salary reduction as a result of this notice.

Finally as to the issue of the procedural deficiencies it appears that the Plaintiffs have belatedly filed the Consents with the Court. Notably, such Consents were not disclosed in discovery despite the fact that several of the consents appear to have been signed quite some time ago. If the Court grants the Plaintiffs leave to file the Consents, despite the fact that such documents were not provided in discovery, the Court must limit any such claims to the two-year period prior to the filing of the Consents.

### Conclusion.

The factual issues raised by the Plaintiffs are merely an attempt to avoid summary judgment with the hope that something will materialize at trial. The Court has before it the record necessary to determine that "…as a practical matter…" there was no substantial risk that the salaried exempt employees of Batavia were substantially likely to have their base pay reduced as a result of the Notice. The Plaintiffs in their reply were unable to identify any salaried exempt employee that has had their base pay docked as a result of the Notice, despite the fact that the Notice was issued in 2001. Clearly under the guidance of William Russell Akin, et al v. City of Memphis, Tennessee, 190F.3d 753, Sixth Circuit (1999) which matter is directly on point with this matter, the exempt

status of these salaried employees has not been lost.

Wherefore ZF Batavia respectfully requests that it be granted summary judgment as to all matters raised in the Third Amended Complaint of the Plaintiffs.

Respectfully submitted,

/s/ Douglas M. Morehart
Douglas M. Morehart (0038668)
Haverkamp, Brinker, Rebold
& Rhiel Co. LPA
Trial Counsel
5856 Glenway Avenue
Cincinnati, OH  45238-2079
(513) 922-3200
(513) 922-8096 Fax
*dmoreha@hbrr-law.com*
and
John J. Hunter, Jr. (0034602)
HUNTER & SCHANK CO., LPA
Co-Counsel
One Canton Square
1700 Canton Avenue
Toledo, OH  43624
(419) 255-4300
(419) 255-9121 Fax
*jrhunter@hunterschank.com*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent to the individual(s) listed below by First Class U.S. Mail, postage prepaid, or by ECF on this 9th day of January, 2004.

Jeffrey L. VanWay
Baker & Hostetler, LLP
312 Walnut Street, Suite 2650
Cincinnati, OH  45202

David M. Cook
Stephen A. Simon
David M. Cook, LLC
22 West Ninth Street
Cincinnati, OH  45202

/s/ John J. Hunter, Jr.
John J. Hunter, Jr.

jr/whisman.reply.sj.response.doc