ROGER GUYTON, PLAINTIFF-APPELLANT v. DONALD HENSLEY, ET AL. DEFENDANTS-APPELLEES

Case No. 6-89-18

Court of Appeals of Ohio, Third Appellate District, Hardin County

1991 Ohio App. LEXIS 786

February 22, 1991

PRIOR HISTORY: [*1]

Character of Proceedings: Civil Appeal from Common Pleas Court.

DISPOSITION: JUDGMENT: Judgment affirmed.

CASE SUMMARY:

PROCEDURAL POSTURE: Plaintiff, an employee-at-will of the Village of Alger, Ohio, appealed a decision of the Hardin County Court of Common Pleas (Ohio), which granted summary judgment for defendants, past and present members of the Village Council, members of Board of Public Affairs of the Village of Alger, and the mayor. The employee alleged that, during the course of his employment, defendants intentionally interfered with his employment relationship.

OVERVIEW: The employee worked as the water superintendent for the Village. In his complaint, he claimed that defendants had acted in such a manner as to breach his employment contract. He sought payment of the correct amount of wages and compensatory and punitive damages. The parties agreed that he was an employee-at-will. On appeal, the court found that the Village, as the employer, was not authorized to set the employee's compensation. *Ohio Rev. Code Ann. § 731.13* provided that the Council, as the legislative authority of the Village, fixed the compensation of Village employees. Because the Council was authorized to set compensation and because the employee was an employee-at-will, the court held that the Council could modify the employment agreement as to the employee's compensation for any reason that was not contrary to law. The employee did not, however, allege any reason that was contrary to law; he only claimed that the Council acted with malice. In short, the employee demonstrated nothing that would have placed the case outside the parameters of the doctrine of employment-at-will in Ohio. Accordingly, defendants were entitled to judgment as a matter of law.

OUTCOME: The court affirmed the judgment.

CORE TERMS: summary judgment, employment-at-will, employee-at-will, employment agreement, contrary to law, village, superintendent, entitled to judgment, matter of law, employment relationship, defendants-appellees, water

LexisNexis (TM) HEADNOTES - Core Concepts:

Civil Procedure: Summary Judgment: Summary Judgment Standard
[HN1] In reviewing a trial court's decision to grant motions for summary judgment, the appellate court must follow the standard set forth in Ohio R. Civ. P. 56(C) and determine if: (1) any genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, in viewing the evidence most strongly in favor of the party against whom the motion for summary judgment is made, and that conclusion is adverse to that party.

Labor & Employment Law: Employment Relationships: At-Will Employment
Contracts Law: Contract Modifications
Contracts Law: Types of Contracts: Employment Contracts
[HN2] The doctrine of employment-at-will is as follows: Unless otherwise agreed, either party to an oral employment-at-will employment agreement may terminate the employment relationship for any reason which is not contrary to law. It naturally follows that such an employment agreement also may be modified for any reason which is not contrary to law.

Labor & Employment Law: Employment Relationships: At-Will Employment
Governments: Local Governments: Employees & Officials

EXHIBIT B

Contracts Law: Contract Modifications

[HN3] Pursuant to *Ohio Rev. Code Ann. § 731.13*, the legislative authority of a village, which is the council, fixes the compensation of the employees of the village. Thus, since the council is authorized to set an employee's compensation and employee is an employee-at-will, the council can modify the employment agreement as to the employee's compensation for any reason which is not contrary to law.

COUNSEL: MR. WALTER M. LAWSON, JR., Attorney at Law, Lima, Ohio, For Appellant.

MR. GREGORY A. GRIMSLID, Attorney at Law, Ada, Ohio, For Appellees.

MR. CHARLES VAN DYNE, Attorney at Law, Ada, Ohio, For Appellee Bernice Collingsworth.

JUDGES: Shaw, J. Bryant, P.J., and Evans, J., concur.

OPINIONBY: SHAW

OPINION: OPINION

Plaintiff-appellant, Roger Guyton, appeals the decision of the Hardin County Court of Common Pleas, granting summary judgment for defendants-appellees.

The record reveals that, in 1967, plaintiff was employed by the Board of Public Affairs of the Village of Alger (Board), an Ohio municipal corporation, as an assistant water superintendent. Later, plaintiff became water superintendent and sewer superintendent for the village. At the time of the filing of the lawsuit, plaintiff continued to be so employed.

In a complaint filed October 15, 1987, plaintiff alleged that, during the course of his employment, the past and present members of the Village Council (Council), members of the Board and the mayor, all individually and on behalf of the Village of Alger, acted in such[*2] a manner as to breach his employment contract and to intentionally interfere with his employment relationship. Plaintiff sought payment of the correct amount of wages, reinstatement of his sick-pay benefits, compensatory damages, punitive damages and attorney fees.

All defendants filed motions for summary judgment. The trial court granted defendants' motions on October 25, 1989. Thereafter, plaintiff filed this appeal, asserting one assignment of error:

"THE TRIAL COURT COMMITTED PREJUDICIAL AND REVERSIBLE ERROR BY GRANTING THE DEFENDANTS-APPELLEES' MOTION FOR SUMMARY JUDGMENT * * *."

[HN1] In reviewing the trial court's decision to grant the motions for summary judgment, we must follow the standard set forth in Civ. R. 56(C) and determine if: (1) any genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, in viewing the evidence most strongly in favor of the party against whom the motion for summary judgment is made, and that conclusion is adverse to that party. *Temple v. Wean United, Inc. (1977), 50 Ohio St.* [*3] *2d 317.*

The parties agree that plaintiff was an employee-at-will. [HN2] The doctrine of employment-at-will is set forth in *Mers v. Dispatch Printing Co. (1985), 19 Ohio St. 3d 100,* paragraph one of the syllabus, as follows:

"unless otherwise agreed, either party to an oral employment-at-will employment agreement may terminate the employment relationship for any reason which is not contrary to law."

Plaintiff conceeded the foregoing in his deposition (Depo. 59). It naturally follows that such an employment agreement also may be modified for any reason which is not contrary to law.

Here, plaintiff's employer was not authorized to set his compensation. Rather, [HN3] pursuant to *R.C. 731.13*, the legislative authority of the village (Council) fixes the compensation of the employees of the village. Thus, since the Council was authorized to set plaintiff's compensation and plaintiff was an employee-at-will, we find that the Council could modify the employment agreement as to plaintiff's compensation for any reason which is not contrary to law.

Plaintiff has not alleged any reason which is contrary to law, only that Council acted with malice. However, allegations of malicious acts[*4] in dealing with the discharge of an employee-at-will are an insufficient basis upon which to recover civil damages. See *Phung v. Waste Management, Inc. (1986), 23 Ohio St. 3d 100* and *Pyle v. Ledex, Inc. (1988), 49 Ohio App. 3d 139,* motion to certify record overruled (August 31, 1988), No. 88-1071.

In short, plaintiff has demonstrated nothing which would place this case outside the parameters of the doctrine of employment-at-will in Ohio. Therefore, we find that defendants were entitled to judgment as a matter of law and the trial court correctly granted summary

judgment for defendants. The decision of trial court is affirmed.

Judgment affirmed.