GEORGE M. TEMPLE, Appellant, -vs- STATE OF OHIO, BUREAU OF UNEMPLOYMENT COMPENSATION, et al., Appellee.
ACCELERATED CASE NO. 95-A-0061

COURT OF APPEALS OF OHIO, ELEVENTH APPELLATE DISTRICT, ASHTABULA COUNTY

1996 Ohio App. LEXIS 2450

June 14, 1996, Decided

NOTICE:

[*1] THE LEXIS PAGINATION OF THIS DOCUMENT IS SUBJECT TO CHANGE PENDING RELEASE OF THE FINAL PUBLISHED VERSION.

PRIOR HISTORY: CHARACTER OF PROCEEDINGS: Administrative Appeal from the Court of Common Pleas. Case No. 94 CV 511.

DISPOSITION: JUDGMENT: Affirmed.

CASE SUMMARY:

PROCEDURAL POSTURE: Appellant employee challenged the judgment of the Ashtabula County Court of Common Pleas (Ohio) against him, after he was denied unemployment compensation. The administrator of employment services disallowed the initial claim finding that the employee was discharged for "just cause" and that he had refused without good cause to accept an offer of suitable work. The determination was affirmed by appellee compensation board and the trial court.

OVERVIEW: The employee was fired from his job for insubordination. He refused an offer to return to work. The board of review affirmed the determination that the employee was ineligible for benefits under both *Ohio Rev. Code Ann. § 4141.29(D)(2)(a)* and (b). The court concluded that there was sufficient evidence to support the decision affirming the denial of benefits. Specifically, the evidence supported the following findings: the employee took an extra week of vacation without specific authorization and without notifying management; he caused a sign to be placed in the store window indicating that the location would be closed, even though management had not announced that the location would be closed and, in fact, it was not to be closed; and, he called the company president ignorant. The court found that he was an at-will employee and that even if ownership and management remained unchanged, the employer was entitled to alter, prospectively, the hours, wages, and benefits of its at-will employees. The court rejected the employee's argument that calling a superior ignorant was not insubordination where the characterization was accurate.

OUTCOME: The court affirmed the lower courts' judgment finding that the employee was not entitled to unemployment compensation benefits.

CORE TERMS: assignment of error, insubordination, board of review, hearing officer, good cause, administrator, suitable, false testimony, discharged, ignorant, holiday, errer, abuse of discretion, credible evidence, credibility, unsuitable, affirming, abused, assignments of error, employment contract, return to work, ownership, manifest, manager, wages

LexisNexis (TM) HEADNOTES - Core Concepts:

Labor & Employment Law: Disability & Unemployment Insurance: Unemployment Compensation: Eligibility
[HN1] *Ohio Rev. Code Ann. § 4141.29(D)(2)* provides in part: (D) No individual may serve a waiting period or be paid benefits under the following conditions: (2) For the duration of his unemployment if the administrator finds that: (a) He quit his work without just cause or has been discharged for just cause in connection with his work (b) He has refused without good cause to accept an offer of suitable work.

Civil Procedure: Appeals: Standards of Review: Abuse of Discretion
Labor & Employment Law: Disability & Unemployment Insurance: Unemployment Compensation: Review
Administrative Law: Judicial Review: Standards of Review: Standards Generally
[HN2] *Ohio Rev. Code Ann. § 4141.28(O)* provides that a common pleas court must affirm the decision of the


EXHIBIT D

Board of Review unless it finds the decision unlawful, unreasonable, or against the manifest weight of the evidence. In reviewing the record, the role of the court is limited to determining whether the board's decision is supported by competent, credible evidence. A court of appeals cannot reverse unless the common pleas court abused its discretion.

Civil Procedure: Appeals: Standards of Review: Abuse of Discretion
Labor & Employment Law: Disability & Unemployment Insurance: Unemployment Compensation: Review
Administrative Law: Judicial Review: Standards of Review: Standards Generally
[HN3] In reviewing the decision of the board, the trial court is to be guided by the principle that the resolution of factual matters is within the province of the board and its hearing officers as triers of fact. An appellate court will not reverse a common pleas court's decision absent an abuse of discretion.

COUNSEL: GEORGE M. TEMPLE, 324 West Main Road, Conneaut, OH 44030, (Appellant, Pro se).

BETTY D. MONTGOMERY, ATTORNEY GENERAL, CHERI L. WESTERBURG, ASSISTANT ATTORNEY GENERAL, State Office Building, 12th Floor, 615 West Superior Avenue, Cleveland, OH 44113, (For Defendant-Appellee).

JUDGES: HON. DONALD R. FORD, P.J., HON. JUDITH A. CHRISTLEY, J., HON. ROBERT A. NADER, J. FORD, P.J., CHRISTLEY, J., concur.

OPINIONBY: ROBERT A. NADER

OPINION: OPINION

NADER, J.

This appeal has been placed on the accelerated calendar, and is submitted to the court upon the record and the briefs of the parties.

Appellant, George M. Temple, was employed by E-Z Home Centers, Inc. from August 20, 1989 until July 9, 1993. On this latter date, appellant was fired for insubordination. On July 12, 1993, appellant refused an offer to return to work.

Appellant filed for unemployment compensation. The administrator of the Ohio Bureau of Employment Services[*2] disallowed the claim finding that appellant was discharged for "just cause" and that he had refused without good cause to accept an offer of suitable work.

Appellant filed a request for reconsideration. The administrator affirmed the initial determination.

An appeal was taken to the Unemployment Compensation Board of Review ("the board"). A hearing was conducted on November 4, 1993. On November 24, 1993, the hearing officer issued a decision ruling against appellant. The board disallowed appellant's application to institute further appeal with the board.

Appellant subsequently appealed to the Ashtabula County Court of Common Pleas. The court affirmed the board's rulings that appellant was discharged for just cause and refused an offer of suitable work without good cause, concluding that the board's decision was not unlawful, unreasonable, or against the manifest weight of the evidence.

Appellant advances four assignments of error:

"1. The court of common pleas erred in accepting as credible and an act of insubordination the appellant calling the manager ignorant when it was shown the manager's lack of knowledge proved to be true in the record.

"2. The court of common pleas[*3] did error [sic] by useing [sic] proven false testimony, in the judgment entry, when the court had been shown the false testimony in the record.

"3. The court of common pleas did error [sic] in concluding that there was no evidence to substanuate [sic] a finding that a contract existed with the appellant when, evidence does exist and was shown to the court.

"4. The court of common pleas did error [sic] in ordering that the decision of the board of review be the same and affirmed that the firing was for just cause, the work offered was suitable and the refusal of that work was without just cause, against a motion by appellant."

For purpose of clarity, appellant's assignments of error will be discussed in inverse order.

Appellant's fourth assignment of error asserts that the court erred in affirming the decision of the board of review.

[HN1] *R.C. 4141.29(D)(2)* provides in relevant part:

"(D) *** No individual may serve a waiting period or be paid benefits under the following conditions:

"***

"(2) For the duration of his unemployment if the administrator finds that:

"(a) He quit his work without just cause or has been discharged for just cause in[*4] connection with his work ***

"***

"(b) He has refused without good cause to accept an offer of suitable work ***."

The board of review affirmed the administrator's determination that appellant was ineligible for benefits under both subdivisions (a) and (b) of *R.C. 4141.29(D)(2)*. The common pleas court affirmed the board's decision on appeal. In *Adkins v. Ohio Bureau of Emp. Serv. (Sept. 16, 1994), 1994 Ohio App. LEXIS 4123*, Lake App. No. 93-L-125, unreported, at 7, this court addressed the standards of review applicable to the common pleas court and the court of appeals from a decision of the board of review:

[HN2] " *R.C. 4141.28(O)* provides that a common pleas court must affirm the decision of the Board of Review unless it finds the decision unlawful, unreasonable, or against the manifest weight of the evidence. In reviewing the record, the role of the court is limited to determining whether the board's decision is supported by competent, credible evidence. *Irvine v. Unemployment Comp. Bd. of Rev. (1985), 19 Ohio St. 3d 15, 18, 482 N.E.2d 587 ***; Frato v. Ohio Bur. of Emp. Serv. (1991), 77 Ohio App. 3d 193, 196, 601 N.E.2d 564 ****. A court of appeals cannot reverse[*5] unless the common pleas court abused its discretion. *Thake v. Unemployment Comp. Bd. of Rev. (1990), 67 Ohio App. 3d 503, 587 N.E.2d 862 ***; Duthie v. Morton Salt Co. (Jan. 14, 1994), 1994 Ohio App. LEXIS 76*, Lake App. No. 92-L-194, unreported, at 5." (Parallel Citations Omitted.)

[HN3] In reviewing the decision of the board, the trial court is to be guided by the principle that the resolution of factual matters is within the province of the board and its hearing officers as triers of fact. *Cataffa v. Tele-Solutions Inc. (Feb. 5, 1993), 1993 Ohio App. LEXIS 663*, Trumbull App. No. 92-T-4677, unreported, at 4. An appellate court will not reverse a common pleas court's decision absent an abuse of discretion. *Cataffa at 5.*

Thus, this court may not reverse the judgment unless the common pleas court abused its discretion in finding that the board of review's decision is supported by some competent, credible evidence in the record.

This court has reviewed the record certified by the board and concludes that there is sufficient evidence to support the decision affirming the denial of benefits. Specifically, the evidence supports the following findings: appellant took[*6] an extra week of vacation without specific authorization and without notifying management; appellant caused a sign to be placed in the store window indicating that the location would be closed on Monday, July 5, 1993, even though management had not announced that the location would be closed and, in fact, it was not to be closed; and, appellant called the company president ignorant while confronting him about his claimed "right" to overtime pay or extra time off due to the hours worked on July 5, 1993.

The foregoing facts evince a course of conduct which is legally sufficient to support a finding of insubordination. See *Hoffacker v. Pace Engineering (Dec. 18, 1987)*, Geauga App. No. 1376, unreported. Cf. *Wilson v. Unemployment Comp. Bd. of Rev. (1984), 14 Ohio App. 3d 309, 471 N.E.2d 168*. Moreover, the trial court did not abuse its discretion in concluding that appellant failed to establish that the work offered was unsuitable or that appellant refused for good cause the offer to return to work. See *R.C. 4141.29(E)(4)*; *Petro v. Nu Cam, Inc. (Dec. 11, 1992), 1992 Ohio App. LEXIS 6197*, Lake App. No. 92-L-047, unreported.

The fourth assignment of error lacks merit.

Under[*7] his third assignment of error, appellant argues the evidence reflects that an employment contract existed and that the employer was in breach of this contract.

Appellant does not contend that there was a written contract between the parties. Appellant does not contend that he was a member of a bargaining unit. Rather, appellant claims that, although the previous 50 percent owner purchased sole ownership of the corporation and appointed a new president to operate the business in July of 1992, new management was obligated to continue the same benefits as previous management because neither the name of the corporation not the nature of the business changed. Appellant's argument is unfounded in the law. Even if ownership and management remained unchanged, the employer nevertheless would be entitled to alter, prospectively, the hours, wages, and benefits of its at-will employees. We concur with the following portion of the lower court's judgment:

"It is clear that the appellant was unhappy with the management changes instituted in July of 1992, when the ownership of the corporation changed. However, no evidence was offered to substantiate a finding that an employment contract existed[*8] with the appellant, and

the evidence is clear that he was not represented by a union. The company's management policies which rescheduled the working hours of the employees and discontinued the payment for unused sick leave were not unreasonable or inherently unfair. The Court also finds that the company's refusal to close its business on Monday, July 5th, the day following the July 4th holiday, was a management prerogative and not unjustified."

Finally, it is irrelevant whether the prevailing practice of employers offering similar employment in the locality permit their employees an additional day off from work or pay higher wages for work performed on a Monday following a Sunday holiday. E-Z Home Centers is not bound to adhere to such an operation policy merely because it has been adopted by other companies in the area, and the holiday benefit is not so substantial as to render the job "unsuitable".

The third assignment of error is meritless.

Appellant's second assignment of error states that the court erred by relying upon "false testimony". A review of the argument in support of the assignment of error reveals that appellant is challenging the weight and credibility of various[*9] testimony. However, this court does not have the authority to judge the credibility of the witnesses or weigh the evidence in an appeal from a determination of the Unemployment Compensation Board of Review. Irvine at 18. Moreover, when read in context, the testimony cited by appellant as being contradictory is not so inconsistent as to render it incompetent. The court's reliance upon the evidence is not an abuse of discretion. Finally, the hearing officer did not err in considering the alleged hearsay evidence cited by appellant. The hearing officer is not bound by the strictures of the rules of evidence. *R.C. 4141.28(J)*; *Henize v. Giles (1986), 22 Ohio St. 3d 213, 490 N.E.2d 585; Pucek v. Ohio Bur. of Emp. Serv. (June 29, 1995), 1995 Ohio App. LEXIS 2779,* Cuyahoga App. No. 67891, unreported.

The second assignment of error is without merit.

Appellant contends under his first assignment of error that the act of calling a superior ignorant cannot be found to be insubordination where the characterization is accurate. Appellant asserts that the record confirms that the president was unaware of the existence of many of the employee's benefits prior to his hire. However, the[*10] hearing officer could have found from the testimony relating to the conversation at issue that the statement was made while arguing about the fairness of the president's decision to open the store on July 5, i.e., whether the current policy imposed by the president provided equal benefits to all the employees. The trial court did not abuse its discretion in finding competent evidence to support the hearing officer's conclusion that appellant used the term in a derogatory and inflammatory manner. Appellant admitted that he made the statement when "I lost my cool" and "blew my stack." The hearing officer could properly find that the statement was an act of insubordination and, in connection with the other acts of insubordination, constituted just cause for appellant's termination.

The first assignment of error lacks merit.

Pursuant to the foregoing, the judgment of the trial court is hereby affirmed.

JUDGE ROBERT A. NADER

FORD, P.J.,
CHRISTLEY, J.,
concur.