CHARLES BLACKBURN, et al., Plaintiff-Appellants v. UNITEDTRANSPORTATION UNION, ET AL., Defendant-Appellees
No. 58224

Court of Appeals of Ohio, Eighth Appellate District, Cuyahoga County

1991 Ohio App. LEXIS 1173

March 21, 1991

PRIOR HISTORY: [*1]

Character of Proceeding: Civil appeal from Common Pleas; Court No. 159,749.

DISPOSITION: JUDGMENT: AFFIRMED.

CASE SUMMARY:

PROCEDURAL POSTURE: Plaintiff employees sought review of an order from the Cuyahoga County Court of Common Pleas (Ohio), which granted the summary judgment motion filed by defendants, the employer and its officers, dismissing the employees' claims. The employees' claimed that defendants breached an employment agreement and acted arbitrary, capricious, and unreasonable in reducing their pay.

OVERVIEW: The employees' positions were eliminated, but they were offered other positions with less pay. The employees filed a suit against defendants, claiming that defendants had breached their employment agreement and had acted arbitrary, capricious, and unreasonable in reducing their pay. The employees also sought declaratory relief pursuant to Ohio Rev. Code Ann. § 2721. The trial court granted defendants' motion for summary judgment, and on appeal, the court upheld the dismissal of the employees' claims. The court held that because the employees failed to present any evidence supporting their claim that defendants' conduct had altered their at-will status, defendants were entitled to summary judgment on the contract claim. The court further rejected the employees' claim that parties to an at-will employment contract had a duty to act in good faith. Finally, the court held that defendants were properly granted a summary judgment on the employees' claim for declaratory relief because there was no genuine issue of material fact to be decided.

OUTCOME: The court affirmed the summary judgment for defendants.

CORE TERMS: summary judgment, assignment of error, declaratory judgment, sub judice, manual, employment-at-will, motion to dismiss, custom, real controversy, genuine issue, employment contract, journal entry, unpersuasive, abolished, at-will, genuine issue of material fact, employment relationship, entitled to judgment, justiciable issue, material fact, matter of law, moving party, evidentiary, terminate, contract of employment, granting summary judgment, employment agreement, distinguishable, intentionally, declaratory

LexisNexis (TM) HEADNOTES - Core Concepts:

Civil Procedure: Pleading & Practice: Defenses, Objections & Demurrers: Failure to State a Cause of Action
Civil Procedure: Summary Judgment: Summary Judgment Standard
[HN1] Ohio R. Civ. P. 12(B) provides in part as follows: When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Ohio R. Civ. P. 56. A motion for summary judgment may only be granted where there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(C). Moreover, summary judgment is inappropriate unless it appears from the evidence that reasonable minds could come to but one conclusion and that conclusion is adverse to the nonmoving party. Rule 56(C). Furthermore, in reviewing a motion for summary judgment, the Court of Appeals of Ohio, Eighth Appellate District, Cuyahoga County, as other courts, must construe the evidence in a light most favorable to the party opposing the motion. Therefore, absent an affirmative showing by the moving party, that no genuine issues exist as to any material fact, and that such party is entitled to judgment as a matter of law, no summary judgment may be granted.


EXHIBIT E

Labor & Employment Law: Employment Relationships: At-Will Employment
[HN2] Past customs can alter the employment-at-will status.

Civil Procedure: Summary Judgment: Supporting Papers & Affidavits
[HN3] Ohio R. Civ. P. 56(E) provides in part that when a motion for summary judgment is made, and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Labor & Employment Law: Employment Relationships: At-Will Employment
[HN4] Unless otherwise agreed, either party to an oral employment-at-will employment agreement may terminate the employment relationship for any reason which is not contrary to law. The Court of Appeals of Ohio, Eighth Appellate District, Cuyahoga County fails to recognize an exception for malicious acts or a duty on the parties to act in good faith.

Civil Procedure: Summary Judgment: Summary Judgment Standard
Civil Procedure: Remedies: Declaratory Relief
[HN5] *Ohio Rev. Code Ann. § 2721* governs declaratory judgments. Section 2721.02 provides the trial court with discretion to determine declaratory relief. The trial court is under no obligation to grant a plaintiffs relief. Furthermore, Ohio courts have held as follows: There are only two reasons for dismissing a complaint for declaratory judgment before the court addresses the merits of the case: (1) where there is no real controversy or justiciable issue between the parties, or (2) when the declaratory judgment will not terminate the uncertainty or controversy, under § 2721.07. Where there is no real controversy before the court, the trial court may properly grant summary judgment against a claim for a declaratory judgment since there is no genuine issue of material fact.

COUNSEL: For Plaintiff-Appellants: JOSEPH E. UJCZO, Westlake, Ohio.

For Defendant-Appellees: CLINTON J. MILLER, III, Assistant General Counsel, United Transportation Union, Cleveland, Ohio.

JUDGES: Blanche Krupansky, Chief Justice. Spellacy, J., and James D. Sweeney, J., concur.

OPINIONBY: KRUPANSKY

OPINION: JOURNAL ENTRY AND OPINION

Plaintiffs, Charles Blackburn and Lynn Westphal, filed a complaint in the Cuyahoga County Court of Common Pleas, Case No. 159749, against defendants, United Transportation Union, Fred A. Hardin, and Thomas J. McGuire, alleging four counts, viz., (1) breach of an employment agreement; (2) arbitrary, capricious and unreasonable actions; (3) intentional, willful and wanton actions intentionally intending to harm plaintiffs; and (4) relief pursuant to R.C. 2721 dealing with declaratory judgments. Defendants filed an answer and a motion to dismiss or in the alternative for summary judgment. On July 12, 1989, defendants' motion to dismiss, although treated as a motion for summary judgment, was granted. n1 Plaintiffs filed a timely notice of appeal.

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n1 Plaintiffs contend that the journal entry granting summary judgment was signed by Judge Leo Spellacy. This is incorrect. The trial court's journal entry of July 12, 1989 was in fact signed by Judge James J. McMonagle.

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

[*2]

The relevant facts follow:

Plaintiffs are employees of defendant United Transportation Union ("U.T.U."). Defendant Hardin is president of U.T.U. and defendant McGuire is the general secretary and treasurer. Plaintiffs were notified their jobs were being abolished; however, due to their seniority they would be allowed to transfer to other positions. Plaintiffs exercised this latter option albeit at a lower rate of pay. Pursuant to an employee "Manual on Working Conditions," plaintiffs instituted a grievance based upon the pay differential. The grievance was denied. Thereafter plaintiffs instituted this action.

Plaintiffs' first assignment of error follows:

WHERE APPELLANTS, EMPLOYEES OF A NON-INCORPORATED LABOR UNION, ARE DISPLACED FOR CONFLICTING REASONS AND WHERE THE CUSTOM, COURSE OF DEALING, PAST PRACTICE

AND COMPANY POLICY INDICATE THAT DISPLACED EMPLOYEES MAINTAIN THEIR SALARY SUBSEQUENT TO DISPLACEMENT AND WHERE APPELLANTS' SALARIES WERE REDUCED AS A RESULT OF THE DISPLACEMENT, THE TRIAL COURT ERRS IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT ON THE BASIS OF DENNIS KIEL VS. CIRCUIT DESIGN TECHNOLOGY, INC., CUYAHOGA COUNTY APPELLATE COURT CASE NO. 54481, VOLUME[*3] 224, PAGE 922.

Plaintiffs' first assignment of error lacks merit.

Plaintiffs contend the trial court erred in granting defendants' motion for "summary judgment". Plaintiffs argue the Kiel case relied on by the trial court is distinguishable from the case sub judice. Plaintiffs further argue that defendants' past practice and custom had altered their employment-at-will status and they were not relying entirely on the employment manual. Plaintiffs' arguments are unpersuasive.

The trial court's judgment journal entry of July 12, 1989 held as follows:

DEFENDANTS' MOTION TO DISMISS IS GRANTED.

SEE KIEL V. CIRCUIT DESIGN TECHNOLOGY (10-20-88) CUYAHOGA APP. #54481.

Initially, it should be noted that although the trial court stated that a motion to dismiss was granted, it was actually treated as a motion for summary judgment pursuant to Civ. R. 12(B) which [HN1] provides in relevant part as follows:

When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule[*4] 56.

Since defendants' motion contained an affidavit and the employment manual as provided by Civ.R. 56(E), it must be presumed the trial court disposed of the case via Civ. R. 56. Neither party assigns this as error.

Plaintiffs argue Kiel is distinguishable from the case at bar because the employee in Kiel relied only on the employment manual and Kiel had signed a disclaimer as to the manual's status as a contract. Plaintiffs in the case sub judice signed no disclaimer and contend the contract had been altered by past custom and practice.

Plaintiffs' interpretation of Kiel, supra, is too narrow. The Kiel court clearly acknowledged that [HN2] past customs could alter the employment-at-will status, citing *Mers v. Dispatch Printing Co. (1985), 19 5 Ohio St. 3d 100,* paragraph two of the syllabus. Notwithstanding this narrow interpretation, plaintiffs in the case sub judice have introduced no evidence to support their claim that U.T.U.'s practice and policy is to allow employees whose position had been abolished to maintain their salary rate. Plaintiffs filed no affidavits, depositions, answers to interrogatories or any other material enumerated in Civ. [*5] R. 56 contra to defendant's evidentiary material appended to its motion for summary judgment.

The Ohio Supreme Court has previously held as follows:

It is axiomatic that a motion for summary judgment may only be granted where there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Civ. R. 56(C). Moreover, summary judgment is inappropriate unless it appears from the evidence that reasonable minds could come to but one conclusion and that conclusion is adverse to the nonmoving party. Civ. R. 56(C). Furthermore, in reviewing a motion for summary judgment, this court, as other courts, must construe the evidence in a light most favorable to the party opposing the motion. *Temple v. Wean United, Inc. (1977), 50 Ohio St. 2d 317, 4 O.O. 3d 466, 364 N.E. 2d 267; Toledo's Great Eastern Shoppers City, Inc. v. Abde's Black Angus Steak House No. III, Inc. (1986), 24 Ohio St. 3d 198, 201-202, 24 OBR 426, 429, 494 N.E. 2d 1101, 1104; Wills v. Frank Hoover Supply (1986), 26 Ohio St. 3d 186, 26 OBR 160, 497 N.E. 2d 1118; McKinney v. Hartz & Restle Realtors, Inc. (1987), 31 Ohio St. 3d 244, 31 OBR 449, 510[*6] N.E. 2d 386.* Therefore, absent an affirmative showing by the moving party, appellees herein, that no genuine issues exist as to any material fact, *Toledo's Great Eastern Shoppers City, Inc., supra; Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St. 2d 64, 66, 8 O.O. 3d 73, 74, 375 N.E. 2d 46, 47; Hamlin v. McAlpin Co. (1964), 175 Ohio St. 517, 519-520, 26 O.O. 2d 206, 207, 196 N.E. 2d 781, 783,* and that such party is entitled to judgment as a matter of law, no summary judgment may be granted.

* * *

This court has recently, in *Savransky v. Cleveland (1983), 4 Ohio St. 3d 118, 4 OBR 364, 447 N.E. 2d 98; Mathis v. Cleveland Public Library (1984), 9 Ohio St. 3d 199, 9 OBR 511, 459 N.E. 2d 877;* and Toledo's Great Eastern Shoppers City, Inc., supra, had the opportunity to analyze Civ. R. 56(E). This rule [HN3] provides in part

that "* * * when a motion for summary judgment is made, and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue[*7] for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

*Morris, et al. v. Ohio Casualty Ins. Co. (1988), 35 Ohio St. 3d 45, 46-7.*

In the case sub judice, the material facts are not in dispute. Plaintiffs' positions were abolished. There is no evidence in the record which would alter plaintiffs' employment-at-will status. Therefore, defendants were not required to maintain plaintiffs' pay rate. Since no genuine issue of fact was in dispute, summary judgment in favor of defendants was appropriate.

Accordingly, plaintiffs' first assignment of error is not well taken and overruled.

Plaintiffs' second assignment of error follows:

WHERE ALLEGATIONS OF ARBITRARY AND CAPRICIOUS ACTION AND OF INTENTIONAL, WILLFUL ACTION, INSTITUTED TO INTENTIONALLY HARM APPELLANTS ARE ALLEGED BY APPELLANTS AND WHERE QUESTIONS OF FACT EXIST AS TO THE TERMS OF THE EMPLOYMENT CONTRACT, THE TRIAL COURT ERRS IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT WHERE THERE ARE GENUINE ISSUES OF MATERIAL FACT.

Plaintiffs' second assignment of error lacks merit.

Plaintiffs contend the trial court erred in granting summary judgment in favor[*8] of defendants because a material issue of fact exists whether defendant Hardin's actions were arbitrary, capricious and intentional. Plaintiffs further contend the issue, although raised in their complaint, was never ruled on by the trial court. Plaintiffs' argument is unpersuasive.

It initially must be noted that there is no indication that defendants were granted a favorable decision on anything but all counts of the complaint. While plaintiffs allege their firing was due to the unsavory motives of defendant Hardin, they provided the trial court with no evidentiary material to support this claim.

In *Mers, supra,* the Ohio Supreme Court held as follows:

1. [HN4] Unless otherwise agreed, either party to an oral employment-at-will employment agreement may terminate the employment relationship for any reason which is not contrary to law.

*Mers, supra,* at paragraph one of the syllabus. The Mers court further held as follows:

Lastly, we are called upon to determine whether the parties to an oral employment-at-will agreement must act in good faith. In Fawcett, supra, we are presented with a challenge whereby the discharged employee contended that the right "'to[*9] terminate employment at will for any cause, at any time whatever, is not absolute, but limited by principles which protect persons from gross or reckless disregard of their rights and interest, wilful, wanton or malicious acts or acts done intentionally, with insult, or in bad faith.'" Id. at 249. This court, in a unanimous decision, rejected these contentions and refused to allow recovery of civil damages for employment discharge. Thus, we failed to recognize an exception for malicious acts or a duty on the parties to act in good faith.

Id. at 105.

In the case sub judice, plaintiffs have failed to demonstrate the employment relationship was other than at-will. No assertion or evidence presented suggests the employment was terminated for reasons contrary to law, e.g.: 1) retaliatory discharge for filing a Workers Compensation Claim; 2) union activity; 3) discriminatory firings based upon race, sex, age or physical handicap. Therefore, even if plaintiffs' unsupported allegations of "arbitrary and capricious action and of intentional willful, actions" were taken as true, plaintiffs could still not recover for the termination of the at-will employment. Therefore, the[*10] trial court properly entered judgment in favor of defendants.

Accordingly, plaintiffs' second assignment of error is not well taken and overruled.

Plaintiffs' third assignment of error follows:

WHERE APPELLANTS MAKE A TIMELY REQUEST PURSUANT TO OHIO REVISED CODE CHAPTER 2721 TO DECLARE THE RIGHTS, OBLIGATIONS, DUTIES AND RESPONSIBILITIES RELATIVE TO THE CONTRACT OF EMPLOYMENT BETWEEN THE UNITED TRANSPORTATION UNION AND ITS EMPLOYEES THE TRIAL COURT ERRORS [SIC] IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT.

Plaintiffs' third assignment of error lack merit.

Plaintiffs contend the trial court erred by not granting a declaratory judgment as to the rights, duties and obligations under the employment contract. Plaintiffs argue pursuant to R.C. Chapter 2721 the trial court should have accepted and determined the issues presented in said declaratory judgment. Plaintiffs' argument is unpersuasive.

R.C. 2721 [HN5] governs declaratory judgments. Plaintiffs complaint was quite vague. They have not identified upon what section of R.C. 2721 they rely. However, *R.C. 2721.02* provides the trial court with discretion to determine declaratory relief. The trial court was under no obligation[*11] to grant plaintiffs relief. Furthermore, Ohio courts have held as follows:

There are only two reasons for dismissing a complaint for declaratory judgment before the court addresses the merits of the case: (1) where there is no real controversy or justiciable issue between the parties, as in *Driskill v. Cincinnati (1940), 66 Ohio App. 372 [20 O.O. 245];* or (2) when the declaratory judgment will not terminate the uncertainty or controversy, under *R.C. 2721.07*, as in *Walker v. Walker (1936), 132 Ohio St. 137 [7 O.O. 237].*

*Fioresi v. State Farm Mut. Auto Ins. (1985), 26 Ohio App. 2d 203.* Although in *Fioresi, supra* this analysis is applied to Civ. R. 12(B)(6), however, it may also be said by analogy that where there is no real controversy before the court, the trial court may properly grant summary judgment against a claim for a declaratory judgment since there is no genuine issue of material fact.

In the case sub judice, plaintiffs requested the trial court to state their rights under the contract of employment. However, there is no employment contract. Plaintiffs were at-will employees. Therefore, there was no real controversy which could result[*12] in a justiciable issue; simply stated, there was no genuine issue of material fact to be decided. Not only is this a valid reason for not issuing a declaratory judgment, but also this is the reason defendants were entitled to summary judgment.

Accordingly, plaintiffs' third assignment of error is not well taken and overruled.

Judgment affirmed.

It is ordered that appellees recover of appellants costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

N.B. This entry is made pursuant to the third sentence of Rule 22(D), Ohio Rules of Appellate Procedure. This is an announcement of decision (see Rule 26). Ten (10) days from the date hereof, this document will be stamped to indicate journalization, at which time it will become the judgment and order of the court and time period for review will begin to run.