IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **EVERETT W. WHISMAN, et al.** | Case No. C-1-02-406 |
| Plaintiffs, | Judge Beckwith |
| | Magistrate Sherman |
| -vs- | |
| | **RESPONSE OF DEFENDANT ZF BATAVIA TO PLAINTIFFS' MOTION TO STRIKE AFFIDAVIT OF RICHARD NEWARK AND SUPPLEMENTAL AFFIDAVIT OF HERBERT HUEBNER** |
| **ZF BATAVIA, LLC, et al.** | |
| Defendants. | |

**NOW COMES** the Defendant ZF Batavia, LLC (hereinafter "Batavia"), by and through counsel, and respectfully provides its response to the Plaintiff's *Motion to Strike Affidavit of Richard Newark and Supplemental Affidavit of Herbert Huebner*.

The Affidavits of Newark and Huebner which the Plaintiff has requested be stricken do not contradict earlier deposition testimony of these individuals. The Affidavits merely clarify a point which point is consistent with the evidence and business practices of Batavia. This is a significant distinction with the cases cited by the Plaintiff. In the cases cited by the Plaintiffs, the affidavits were stricken because the statements **contradicted** earlier deposition testimony and were not consistent with the facts and evidence.

The question posed to Newark utilized the term "salaried employee" and no distinction was made as to whether this meant "exempt salaried employee" or "non-exempt salaried employee". The business records of Batavia provided to the Plaintiff in the discovery process relative the payment of non-exempt salaried employees and exempt salaried employees are consistent with the assertions

made in the Affidavits of Newark and Huebner. These business records were provided to the Plaintiff, are not new evidence, and were relied upon by the Newark and Huebner in making the factual assertions in their Affidavits.

Further, the Plaintiffs assert that Batavia is attempting to place in the record evidence which is contradictory to the deposition testimony, and not otherwise part of the record. The record before the court is clear in the deposition testimony of Mr. Newark, that his answer was relative to a "salaried employee", not a salaried exempt employee or a "salaried non-exempt employee". As Batavia has moved for summary judgment it is now incumbent upon the Plaintiffs to show that Mr. Newark meant "salaried exempt" as opposed to "salaried non-exempt". The Plaintiffs would have this Court place their interpretation into the record, as opposed to the testimony of Mr. Newark. The cases cited by the Plaintiffs do not permit this. If the Plaintiffs had intended to use the testimony to somehow show that "salaried exempt employees" could be docked, the question could have been asked. It was not.

Further, Newark and Huebner each explained in their Affidavits the basis for the clarifications. Newark explains that he is responsible for day-to-day manufacturing processes and is not directly involved in pay or payroll practices. He further states that when he took the time to think the question through and reviewed the practices of Batavia, that he should have clarified whether the question was directed to salaried exempt employees or salaried non-exempt employees as the response would be different depending on which salaried employee the inquiry was made. There is nothing in the record to indicate that salaried exempt employees have ever been docked. In fact the Court will recall that all of the Plaintiffs admitted in their Responses to the Request for admissions of Batavia that they had no knowledge of any employee being docked for a discrepancy in their time

reports. (See Plaintiffs Responses to Batavia Requests for Admissions previously filed in this matter.)

Huebner reiterates that he previously stated that Batavia employed 300 salaried individuals. This statement is not inconsistent. He then goes on to explain further that there are both salaried exempt and salaried non-exempt individuals included in the 300 salaried individuals employed by Batavia. Interestingly, the Plaintiffs in their Motion to Strike assert that this is inconsistent. Again, there is nothing in the record that contradicts the facts set forth in the Huebner affidavit. Further, as noted in the Batavia Reply to the Opposition of the Plaintiffs, Mr. Sennish specifically referenced salaried exempt employees. Further, the Plaintiffs in the Memorandum in Opposition took the position that the record was devoid of evidence of regarding the existence of salaried exempt employees. (See Plaintiff Memorandum in Opposition to Summary Judgment at page 13.) If there is no such evidence in the record how can the Huebner affidavit be contradictory?

The statements made by Newark and Huebner in their Affidavits were appropriate as they clarified, rather than contradicted their deposition testimony and the evidence in the record. In such circumstances, courts have permitted the filing of clarifying affidavits. Herrying v. The Canada Life Assurance Co. 99-2214 (8th Cir. 2000) [copy attached] Camfield Tires, Inc. v. Michelin Tire Corp. 719 F.2d 1361 (8th Cir. 1983) Further, when an affiant was confused during a deposition, and such confusion is explained in the affidavit, the filing of the clarify affidavit is permitted. Artice Dotson v. United States Postal Service 794 F. Supp. 654 (6th Cir. 1991) Jimmy Mays v. Curwood Hunter, M.D. 717 F. Supp. 1247 (6th Cir. 1989).

The affidavits of Mr. Newark and Mr. Huebner filed in support of the Motion for summary judgment are entirely appropriate and consistent not only with the deposition testimony but the

3

evidence otherwise properly before this Court.

**WHEREFORE**, Batavia respectfully requests that Plaintiff's *Motion to Strike Affidavit of Richard Newark and Supplemental Affidavit of Herbert Huebner* be denied.

Respectfully submitted,

/s/ Douglas M. Morehart
Douglas M. Morehart (0038668)
Haverkamp, Brinker, Rebold
& Rhiel Co. LPA
Trial Counsel
5856 Glenway Avenue
Cincinnati, OH  45238-2079
(513) 922-3200
(513) 922-8096 Fax
*dmoreha@hbrr-law.com*
and
John J. Hunter, Jr. (0034602)
HUNTER & SCHANK CO., LPA
Co-Counsel
One Canton Square
1700 Canton Avenue
Toledo, OH  43624
(419) 255-4300
(419) 255-9121 Fax
*jrhunter@hunterschank.com*

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was sent to the individual(s) listed below by First Class U.S. Mail, postage prepaid, or by ECF on this 29th day of January 2004.

Jeffrey L. VanWay
Baker & Hostetler, LLP
312 Walnut Street, Suite 2650
Cincinnati, OH  45202

David M. Cook
Stephen A. Simon
David M. Cook, LLC
22 West Ninth Street
Cincinnati, OH  45202

                                                    /s/ John J. Hunter, Jr.
                                                    John J. Hunter, Jr.

jr/whisman.response.motion.strike