**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Everett W.Whisman, et al., | : | Case No. C-1-02-406 |
| | : | |
| Plaintiffs, | : | Judge Beckwith |
| | : | |
| vs. | : | |
| Ford Motor Company et al., | : | |
| | : | |
| Defendants. | : | |

**REPLY IN SUPPORT OF FORD'S MOTION TO STRIKE**

Plaintiffs oppose Ford's Motion to Strike, claiming that (1) the unauthenticated documents should be regarded as authentic because the documents were produced in discovery by ZFB, and (2) Plaintiffs have proven that the documents are what Plaintiffs claim them to be. Plaintiffs are wrong on both of these points.

First, with regard to the fact that the unauthenticated documents were produced by ZFB in discovery, federal courts have consistently held that the mere fact that a document is produced in discovery is insufficient to authenticate the document where the authenticity is challenged. See Dodi v. Putnam Companies, 94 F.3d 640, 1996 U.S. App. LEXIS 22177, *11 (1st Cir. Aug. 28, 1996) ("We fail to see how the fact that a document was presented in discovery suffices to authenticate the document …") (copy attached as Exhibit A); EEOC v. AMR Eagle, Inc., 2001 WL 257905 (N.D. Tex. March 13, 2001) (granting motion to strike unauthenticated document that had been produced in discovery) (copy attached as Exhibit B); Kirby v. Anthem,, Inc., 2001 U.S. Dist. LEXIS 24820, *12 (S.D. Ind. Aug. 8, 2001) ("The mere fact of production is not sufficient by itself to establish the authenticity of the document to support admission into evidence.") (copy attached as Exhibit C).

Second, Plaintiffs' claim that they have proven that the unauthenticated documents "are what they claim to be" is not supported by the evidence in the record. Plaintiffs claim that the unauthenticated documents (1) reflect that Defendants planned in 1999 to "slow the growth" of the transition employees' salaries after they joined ZFB, (2) were created in connection with certain meetings Defendants held in early 1999, and (3) reflect that Defendants had discussions regarding their alleged plan to "slow the growth" of the salaries of the transition employees. (See Plaintiffs' Memorandum in Opposition to Ford's Motion to Strike, pp. 2-4). In making this argument, Plaintiffs fail to mention that there is not even a scintilla of evidence in the record to support their theory that Defendants had such a plan in 1999. In fact, the only evidence in the record regarding the so-called plan is the undisputed testimony of Mike Warden, Karl Kehr, and Dave Adams, all of whom testified that there was no such plan. (See Warden dep., pp. 153-62; Adams dep., pp. 75-79; Kehr dep., pp. 159-60). Likewise, both Mr. Warden and Mr. Adams were unable to authenticate the documents in question and denied that there had been any discussions regarding the "secret plan" alleged by Plaintiffs.[1]

While Defendants do not deny that they had certain meetings with Ernst & Young regarding the design of the compensation and benefit plans for the transitional employees, the mere fact that such meetings occurred is insufficient to authenticate the disputed documents. No witness has testified that the documents accurately reflect discussions or decisions of Defendants regarding the alleged plan. And, as previously discussed, to the extent that Plaintiffs claim that the disputed documents reflect evidence of the "secret plan", the unrebutted testimony of Warden, Kehr, and Adams demonstrates that the documents do not accurately reflect discussions

---

[1] Although Plaintiffs infer at pages 3 and 4 of their Memorandum that Mr. Kehr testified regarding Exhibits 78 and 82, these documents were not used in Mr. Kehr's deposition. In fact, Mr. Kehr was not asked to authenticate any of the documents in dispute.

2

or decisions of Defendants, as all three of these witnesses testified unequivocally that there were no discussions about slowing the growth of the salaries of the transition employees.[2]

Finally, the disputed documents should not be considered by the Court because they are not relevant and do not support Plaintiffs' claims in this case. As explained at pages 5-7 of Ford's Motion to Strike, the documents do not state that there was a plan to eliminate the salary disparity between the transition employees and the new employees. Rather, the documents state that there was not plan to eliminate the disparity during the transition period and the documents are silent as to whether there was a plan for after the transition period. (See Deposition Exhibit 82, p. 2).[3]  Therefore, because Plaintiffs have failed to come forward with evidence authenticating the disputed documents, and have failed to demonstrate that the documents accurately reflect discussions between Defendants regarding the so-called "secret plan", Ford's Motion to Strike should be granted.

Respectfully submitted,


s/ Jeffery L. VanWay
Ellen J. Garling, Trial Attorney (0043554)
BAKER & HOSTETLER LLP
65 East State Street, Suite 2100
Columbus, Ohio 43215
(614) 228-1541

and

---

[2] Contrary to Plaintiffs' assertion, the testimony of Hassan Saleh and Gerry Priest does not provide evidence of the alleged plan. Neither Saleh nor Priest were involved in the design of the ZFB compensation and benefit plans and neither testified that the alleged plan existed at the time Plaintiffs made their decisions to join ZFB.

[3] Plaintiffs claim that it is improper for Ford to raise the argument in its Motion to Strike, that Ford should have raised this argument in its Reply Brief, and that Ford merely wants the Court to accept Ford's interpretation of the unauthenticated documents. (Pl. Memo. in Opp. to Ford's Motion to Strike, p. 5). As for Plaintiffs' first contention, Plaintiffs apparently have overlooked pages 13 and 14 of Ford's Summary Judgment Reply Brief wherein Ford clearly articulated its argument that the unauthenticated documents were not relevant and did not support Plaintiffs' fraud claims. Second, Ford is not asking the Court to accept its interpretation of the documents. The documents speak for themselves and there is no mention in the documents of a plan to reduce the salaries of the transition employees or to slow the growth of their salaries. Indeed, the documents suggest that the salary disparity might be continued "forever." (See Deposition Exhibit 82, p. 3).

Jeffery L. VanWay (0069175)
BAKER & HOSTETLER, LLP
312 Walnut Street, Suite 3200
Cincinnati, Ohio 45202
(513) 929-3400
(513) 929-0303 – Fax

Attorneys for Defendant
Ford Motor Company

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2004, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for Plaintiffs, and served John Hunter, Jr., attorney for Z. F. Batavia, Hunter & Schank Co., L.P.A., One Canton Square, 1700 Canton Avenue, Toledo, Ohio 43624-1378, with a copy of this document by regular U.S. mail, postage prepaid on this 29th day of January, 2004.

/s/ Jeffery L. VanWay
Jeffery L. VanWay

4