KOFI DODI, Plaintiff - Appellant, v. THE PUTNAM COMPANIES, Defendant - Appellee.

No. 95-2266

UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

1996 U.S. App. LEXIS 22177

August 28, 1996, Decided

NOTICE:

[*1] RULES OF THE FIRST CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

SUBSEQUENT HISTORY: Reported in Table Case Format at: *94 F.3d 640, 1996 U.S. App. LEXIS 36688.*

PRIOR HISTORY: APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS. Hon. Robert E. Keeton, U.S. District Judge.

DISPOSITION: Affirmed.

CASE SUMMARY:

PROCEDURAL POSTURE: Plaintiff employee filed an action under Title VII of the Civil Rights Act of 1964, *42 U.S.C.S. § 2000e-3*(a), and Mass. Gen. Laws ch. 151B alleging discrimination on account of his race and/or retaliation for filing a charge with the Massachusetts Commission Against Discrimination (MCAD) in the United States District Court for the District of Massachusetts against defendant employer; the lower court granted summary judgment against the employee.

OVERVIEW: The employer reorganized a department where the employee worked. The employee complained to the employer about the reorganization; he contended that his appointment was an effective demotion, while the employer labelled it a lateral move. The employee filed charges with the MCAD alleging that he was demoted, denied promotion, and terminated on account of his race and national origin and in retaliation for filing his first MCAD complaint. MCAD dismissed the employee's complaints. The employee filed an action in the state trial court, which was removed to the federal trial court. Inter alia, the trial court granted the employer's motion for summary judgment. The court held that even given the benefit of all inferences, the employee had not shown that the employer's asserted reason was false, much less that its real motivation was retaliation. The court found no evidence that supported a finding that the employee's evaluations were inaccurate, or which revealed that the employee was treated differently than his non-minority or non-complaining counterparts.

OUTCOME: The court held that decision of the district court granting the employer summary judgment was affirmed. The court held that the filing of a MCAD complaint was not some magic shield that insulated the employee from termination regardless of the circumstances. The court failed to see how a passing reference by a supervisor could have sufficed to show that the employer's asserted reason for firing the employee was a pretext.

CORE TERMS: summary judgment, memorandum, retaliation, admissible, struck, deposition, prima facie case, pretext, termination, abused, discovery, stricken, national origin, cause of action, foundational, waived, motion to strike, race discrimination, abuse of discretion, protected activity, personnel file, non-minority, harmless, suffice, timing, goes, granting summary judgment, inadmissible hearsay, discrimination claim, sufficient evidence

LexisNexis (TM) HEADNOTES - Core Concepts:

Civil Procedure: Appeals: Standards of Review: Abuse of Discretion
[HN1] An appellate court reviews a district court's decision to strike for abuse of discretion. The district court has broad authority to prescribe the evidentiary materials it will consider in deciding a motion for summary judgment. Under *Fed. R. Civ. P. 56(e)*, affidavits shall be made on personal knowledge, set forth such facts as would be admissible in evidence, and shall



show affirmatively that the affiant is competent to testify to the matters stated therein. *Fed. R. Civ. P. 56(e)*. An affidavit which does not meet the *Fed. R. Civ. P. 56* specificity requirement is insufficient to establish a genuine issue for trial.

Civil Procedure: Appeals: Reviewability: Preservation for Review
[HN2] Arguments made perfunctorily on appeal with no developed argument or support are deemed waived.

Evidence: Hearsay Rule & Exceptions: Business Records
[HN3] The requirements for the exception are clear: a memorandum, report, record or data compilation, in any form is admissible so long as it is made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness. *Fed. R. Evid. 803(6)*.

Civil Procedure: Summary Judgment: Supporting Papers & Affidavits
[HN4] When an interested witness has given clear answers to unambiguous questions, he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, but does not give a satisfactory explanation of why the testimony has changed.

Constitutional Law: Civil Rights Enforcement: Civil Rights Generally
[HN5] Courts may not sit as super personnel departments, assessing the merits - or even the rationality - of employers' nondiscriminatory business decisions.

Civil Procedure: Appeals: Standards of Review: De Novo Review
[HN6] Appellate courts review a grant of summary judgment de novo and are guided by the same criteria as the district court; a grant of summary judgment cannot stand on appeal unless the record discloses no trialworthy issue of material fact and the moving party is entitled to judgment as a matter of law. Appellate courts' review will be most searching in cases that turn upon the issue of motivation or intent.

Constitutional Law: Civil Rights Enforcement: Civil Rights Generally
[HN7] First, a plaintiff must establish a prima facie case by showing that (1) he engaged in a protected activity as an employee, (2) he was subsequently discharged from employment, and (3) there was a causal connection between the protected activity and the discharge. Under Massachusetts law, the framework is slightly different. To succeed, the plaintiff must prove that she reasonably and in good faith believed that the defendant was engaged in wrongful discrimination, that he acted reasonably in response to his belief, and that defendant's desire to retaliate against him was a determinative factor in its decision to terminate his employment. Next, the burden shifts to defendant to articulate a legitimate, nondiscriminatory reason for the discharge. If it does so, in order to escape summary judgment under federal and Massachusetts law, the plaintiff must at least introduce sufficient evidence to permit the factfinder to infer that defendant's stated reason for the termination was pretextual.

Constitutional Law: Civil Rights Enforcement: Civil Rights Generally
[HN8] A petitioner can present a variety of types of evidence to establish pretext. In retaliation claims, the *McDonnell Douglas Corp. v. Green, 411 U.S. 792, 36 L. Ed. 2d 668 (1973)* analysis requires a showing of pretext.

Constitutional Law: Civil Rights Enforcement: Civil Rights Generally
[HN9] When pretext is at issue in a discrimination case, it is a plaintiff's duty to produce specific facts which, reasonably viewed, tend logically to undercut the defendant's position.

Constitutional Law: Civil Rights Enforcement: Civil Rights Generally
[HN10] The timing of when the relevant decision maker learned that a complaint was filed and when the dismissal occurred can be demonstrative of retaliation. The timing of employer's knowledge of protected activity and dismissal helps establish a prima facie case.

Constitutional Law: Civil Rights Enforcement: Civil Rights Generally
[HN11] The filing of a Massachusetts Commission Against Discrimination complaint is not some magic shield that insulates the employee from termination regardless of the circumstances. Courts require not only minimally sufficient evidence of pretext, but evidence that overall reasonably supports a finding of retaliation.

COUNSEL: Kevin G. Powers, with whom Robert S. Mantell and Law Office of Kevin G. Powers were on brief for appellant.

Ilene Robinson, with whom Louis A. Rodriques, Katherine J. Ross and Sullivan & Worcester LLP were on brief for appellee.

JUDGES: Before Torruella, Chief Judge, Cyr and Boudin, Circuit Judges.

OPINION: Per Curiam. Appellant-defendant Kofi Dodi ("Dodi") appeals the district court's decision granting defendant-appellant The Putnam Companies ("Putnam") summary judgment. Dodi had filed suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), and Mass. Gen. L. ch. 151B alleging discrimination on account of his race and national origin and/or retaliation for filing a charge with the Massachusetts Commission Against Discrimination ("MCAD"). The two issues before us are whether the court below abused its discretion in striking Dodi's two affidavits and[*2] portions of his Opposition to Summary Judgment; and whether it erred in granting the summary judgment. For the reasons stated herein, we affirm.

BACKGROUND

We recite the following facts, drawn from the district court Memorandum and Order, in the light most favorable to the nonmovant. *Equal Employment Opportunity Comm'n v. Green, 76 F.3d 19, 21 (1st Cir. 1996).* Dodi is a United States citizen who was born in Ghana and is black. He began working for Putnam in 1984, and by 1987 was part of the Tax and Compliance unit. In December 1989 or January 1990, the department was reorganized. A white female, Michelle Whalen ("Whalen"), was appointed Manager of the Tax and Compliance unit, a position Dodi desired, and which title he maintains was his prior to the reorganization and Whalen's appointment. Dodi complained to several individuals, including Robert Lucey, President of Putnam Investor Services. After he complained, Dodi was made the IRS Technical Manager: he contends that his appointment was an effective demotion, while Putnam labels it a lateral move.

In May 1990, Dodi filed a charge with MCAD alleging that he was demoted and denied promotion on account of his race and[*3] national origin. After he filed the charge, his rating in his performance reviews declined -- his rating dropped to "unsatisfactory" -- and the reviews suggested increased hostility between Dodi and his supervisors. Dodi contends that he was excluded from meetings and isolated from the department because of the complaint. Putnam fired Dodi in March 1991, roughly ten months after the filing of the MCAD complaint. He filed a second complaint in June 1991, alleging that he was terminated because of his race and national origin, or in retaliation for filing the 1990 complaint, or both.

MCAD dismissed the two complaints in December 1992, for lack of probable cause, a decision it affirmed in January of 1993. Dodi filed a civil action in Massachusetts Superior Court, which Putnam removed to the Federal District Court. The parties made discovery requests and took depositions. Putnam filed a motion for summary judgment, which Dodi opposed. In June 1995, Putnam moved to strike portions of Dodi's Opposition to Summary Judgment (the "Opposition"). Dodi's opposition to the motion to strike contained an affidavit (the "first affidavit") with attachments. At a hearing in July 1995, the district[*4] court granted Putnam's motion to strike portions of Dodi's Opposition, and struck the first affidavit on its own initiative. It granted Dodi's request for permission to submit supplemental information in support of the stricken statements in the Opposition. In late July Dodi filed a supplemental submission in opposition to Putnam's motion to strike, including another affidavit (the "second affidavit"). In August, Putnam moved to strike the second affidavit, and in October 1995, the district court granted Putnam's motion for summary judgment and its motion to strike the second affidavit. This appeal ensued.

STRICKEN SUBMISSIONS

We begin with Dodi's argument that the district court erred in striking the affidavits and his Opposition since, if they were admissible, they would form part of the record on which the summary judgment would be evaluated. See *Fed. R. Civ. P. 56(c).* [HN1] We review the district court's decision to strike for abuse of discretion. See *Green, 76 F.3d at 23* ("The district court has broad authority to prescribe the evidentiary materials it will consider in deciding a motion for summary judgment."); see also *Ramsdell v. Brooks, 64 F.3d 5, 8 (1st Cir. [*5] 1995),* cert. denied sub nom. *Ramsdell v. Machias Savings Bank, 133 L. Ed. 2d 844, U.S. , 116 S. Ct. 913 (1996); New England Anti-Vivisection Soc. v. U.S. Surgical Corp., 889 F.2d 1198, 1204 (1st Cir. 1989).*

Under the Federal Rules of Civil Procedure, affidavits "shall be made on personal knowledge, set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *Fed. R. Civ. P. 56(e).* Accordingly, if the affidavits and Opposition Dodi submitted did not meet these criteria, the district court can hardly have abused its discretion in striking them. Cf. *Posadas de Puerto Rico, Inc. v. Radin, 856 F.2d 399, 401 (1st Cir. 1988)* (affirming that affidavit which does not meet the Rule 56 specificity requirement is insufficient to establish a genuine issue for trial); *FDIC v. Roldan Fonseca, 795 F.2d 1102, 1110 (1st Cir. 1986)* (holding that where receipts submitted to support opposition to summary judgment constituted inadmissible hearsay, party failed to comply with Rule 56(e)).

Having briefly set out our standard of review and the relevant legal framework, we turn to the particulars[*6]

of Dodi's argument. As the parties have addressed the stricken documents according to subject, we follow suit. n1

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n1 In the course of his argument, Dodi several times invites this court to review his affidavits as a whole to determine whether they should have been struck and whether there is admissible evidence included in them. He does not, however, attempt to cull out the admissible portions or cite any authority. We find, therefore, that except for the portions he specifically discusses, he has waived his argument that the affidavits as a whole are admissible, as [HN2] arguments made perfunctorily on appeal with no developed argument or support are deemed waived. See *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir.), cert. denied, *494 U.S. 1082, 108 L. Ed. 2d 944, 110 S. Ct. 1814 (1990)*.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - -

Imitation of Dodi's Accent: The district court struck Dodi's statement in his Opposition that William McGue, Putnam's Managing Director, and Robert Frazer, a white manager, "made fun of Dodi's accent, and imitated him at meetings and during casual[*7] conversations." Dodi seeks to rely on a paragraph from his second affidavit in support of his assertion. We do not find that the district court abused its discretion in striking either the statement from the Opposition or the paragraph in the second affidavit. The statements in the paragraph are conclusory and lack specificity. Moreover, even if it were error to exclude the evidence, it would be harmless, for the imitation does not support Dodi's claim of retaliation, and as discussed below, that is the only cause of action remaining on appeal.

Merit Raises: The district court struck Dodi's statement in the Opposition that he "received raises based on merit," on the basis that there was nothing in the record as to what "merit" meant, or how and on what basis such raises were given. Dodi claims that statements from the stricken second affidavit provide such verified information. He also points to a computer printout entitled "Salary, Increase & Performance History Screen" which the district court struck as part of the first affidavit, as well as a memorandum sent to him from James Swinney, a Senior Vice President, dated January 2, 1990. We find that the district court did not abuse[*8] its discretion in striking these documents.

Dodi claims that all three meet the requirements to be a business record exception to the hearsay rule. [HN3] The requirements for the exception are clear: a "memorandum, report, record or data compilation, in any form" is admissible so long as it is

made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness . . . .

*Fed. R. Evid. 803(6)*; see, e.g., *E.E.O.C. v. Alton Packaging Corp.*, 901 F.2d 920, 926 (11th Cir. 1990). Dodi has not provided the required foundation for these three documents. First, Dodi misunderstands the application of the rule, which applies to memoranda, reports, and record or data compilation, not oral statements, in claiming that it covers oral statements made to him and mentioned in the second affidavit. Second, as for the computer printout, Dodi's statement that in his experience, "such documents are routinely[*9] generated by Defendant in the ordinary course of its business" falls far short of laying out the foundation Rule 803(6) requires. That it was provided to Dodi in discovery does not save it. Third, Dodi has also failed to lay out the foundation for the memorandum from Swinney: although he says he received it in the normal course of business on January 2, 1990, and that it was generated and maintained in the ordinary course of business, we agree with Putnam that there is no support for these claims.

Dodi faces similar foundational issues with his claim that the documents are also admissible as party admissions under *Fed. R. Evid. 801(d)(2)(D)*. He has, to put it briefly, failed to show that the statements he cites to were made by Putnam's "agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." *Fed. R. Evid. 801(d)(2)(D)*. Mere assertion that they were so made does not suffice.

Even if some of these statements had been admissible, however, the court still would not have abused its discretion since, as Dodi notes in his brief, the court based its decision in part on the fact that there was no basis in the record[*10] as to what "merit" meant. In the cited portion of his second affidavit, Dodi notes that

instructors from the human resources training department told him that "the Putnam policy was to give merit raises as a reward for satisfactory performance by employees." This statement is clearly not admissible under the business record exception, as he claims, since it was an oral statement. *Fed. R. Evid. 803(6)* (applicable to "[a] memorandum, report, record, or data compilation"). Nor is it a party admission, since he has not addressed the foundational requirements laid out in the rule itself.

EEO-1 Report: Next Dodi argues that the district court erred in striking a 1993 EEO-1 report of Putnam, and the corresponding portion of the first affidavit, which he claims evidences that he reasonably believed that race discrimination existed. In his support he notes that the report was provided in discovery, that Putnam is required by law to produce such reports (Dodi does not specify what law), and that it is a true and accurate copy of the document Putnam provided Dodi. We fail to see how the fact that a document was presented in discovery suffices to authenticate the document or lay the foundational [*11]requirements of Rule 803(6) or Rule 801(d)(2)(D). At any rate, even if the district court erred, it would have been harmless error, since, as Dodi notes, this evidence goes to his prejudice claim, not his retaliation cause of action, which is his sole remaining cause of action.

Swinney Memorandum: Dodi submitted a memorandum he wrote to Swinney, dated December 26, 1989, to show that he had complained about his treatment, in connection with his race discrimination claim. The district court struck the memorandum on hearsay grounds; we agree that the necessary foundation was missing. Dodi's citation of the fact that Putnam is required to generate and maintain a personnel file on its employees does not substitute for the witness testimony required to lay a foundation. *Fed. R. Evid. 803(6)*. However, Dodi also notes that the memorandum is being used, in part, not to prove the truth of the matters asserted, but to demonstrate that Dodi complained of the subjectivity of his performance evaluations, in the context of opposition to perceived race discrimination. But this is a distinction without a difference, since there is no dispute that Dodi protested against perceived racism at Putnam. [*12] Nonetheless, because Swinney was involved in Dodi's termination and thus Dodi's retaliation claim, we shall consider the memorandum for this limited purpose in our review of the district court's grant of summary judgment.

$10,000 Pay Disparity: Dodi next contests the district court's decision to strike a series of statements which alleged that for several years Dodi was paid a salary well below that of white individuals, until he complained. The court struck the statements as conclusory. Having reviewed the cited deposition pages and statements from the second affidavit, we find no abuse of discretion in the ruling. Indeed, we agree with Putnam that Dodi's deposition does not support the premise that he perceived it as a race-based discrepancy in wages, but rather that allegation seems to arise only after the motion for summary judgment has appeared on the horizon. See *Colantuoni v. Alfred Calcagni & Sons, Inc., 44 F.3d 1, 4 (1st Cir. 1994)* [HN4] ("When an interested witness has given clear answers to unambiguous questions, he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, but does not give a satisfactory explanation of[*13] why the testimony has changed."). Further, any error would be harmless, as the evidence of a pay disparity does not tend to prove retaliatory action, but rather goes to the discrimination claim waived on appeal.

Qualifications of Michelle Whalen: Dodi contests the district court's decision to strike portions of statements alleging that although Whalen was given a higher position than Dodi, she was less qualified for the position than Dodi. The cited deposition pages offer no evidence other than it was Dodi's belief that Whalen was less qualified, and inadmissible hearsay that she was management's choice. Dodi now points to excerpts from Whalen's personnel file and the job description, which have not been stricken, to support his position; Putnam in turn points out that the promotion was based on managerial abilities, not just narrow technical expertise, and that Dodi fell far short of Whalen in the former category, even if he surpassed her in the latter.

We need not address this debate, for even if the district court erred in striking the statements, the error was harmless. First, the evidence of whether Whalen was more or less qualified than Dodi goes to the waived discrimination [*14]claim, and not to the retaliation claim discussed below. Second, we remind Dodi of our repeated holding that [HN5] "courts may not sit as super personnel departments, assessing the merits -- or even the rationality -- of employers' nondiscriminatory business decisions." *Mesnick v. General Elec. Co., 950 F.2d 816, 825 (1st Cir. 1991)*, cert. denied, *504 U.S. 985, 119 L. Ed. 2d 586, 112 S. Ct. 2965 (1992)*; see also *Hoeppner v. Crotched Mountain Rehabilitation Ctr., 31 F.3d 9, 17 (1st Cir. 1994)*.

Bresnahan Memorandum: Dodi seeks to admit a memorandum sent from Leslee Bresnahan to Ray Lambert. However, once again, the fact that Putnam provided the document to Dodi in discovery does not establish its authenticity, and the fact that Putnam is required to generate and maintain a personnel file, providing employees a copy of it on demand, does not fulfill the foundational requirements of either Rule 801(d)(2)(D) or Rule 803(6), as simply set out in those

rules. The district court did not abuse its discretion in striking the memorandum.

Pattern of Isolation: In his Opposition, Dodi claims that after he complained about the reorganization, Jeff Levering, to whom Dodi was supposed to report, "altered his[*15] behavior towards Dodi, . . . no longer said positive things about Dodi's job performance, and . . . avoided talking with Dodi." He also alleges that he was ostracized, kept out of meetings, and that his co-workers "ceased interacting" with him. The district court struck the opinions as opinion and characterizations. Our review of the cited pages from Dodi's depositions and the second affidavit yields no grounds to find the district court abused its discretion in striking the statements. Dodi does not give specific incidents, place them in time, or give a yardstick by which to measure either the timeliness of his reviews or their content -- indeed, while he repeatedly discusses the supposed content of Levering's weekly status reports, he never actually refers to one.

Failure to Provide Staff: Dodi challenges the district court's decision to strike from the Opposition the statement that Putnam "failed to give Dodi the permanent staff he requested." We find no abuse of discretion here, as Dodi cited no support for the statement in his Opposition. See *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 49 (1st Cir. 1990). Indeed, we agree with Putnam that, even if admitted as within[*16] Dodi's personal knowledge, *Fed. R. Civ. P. 56(e)*, at best this statement can show only that Dodi did not get all the resources he requested: Dodi points to no evidence regarding Putnam's treatment of analogous request made by non-minority employees, or employees who had not filed MCAD complaints, besides his own assertion that "other departments under McGue" were fully staffed.

Other stricken statements: The district court properly struck the statement that McGue "failed to provide Dodi the supplies and materials necessary" to become more visible within the organization, as instructed. The cited deposition pages offer no admissible support for the proposition, and the passage he cites from the second affidavit constitutes argument and hearsay. Again, however, we note that even if admitted, the statement would at most have shown that Dodi did not get all the supplies he requested, since he does not point to evidence of the treatment of other, non-minority or non-complaining employees. Merely pointing out that other departments received printers or the like tells us very little.

Finally, Dodi objects to the striking of four statements to the effect that after he made his complaint[*17] his work was reviewed in a less timely manner, he stopped receiving positive feedback or necessary information, and other employees received instructions to keep tabs on his actions and note everything he did. After review of the cited passages from his deposition and the second affidavit, we find that the district court did not abuse its discretion in striking the passages.

SUMMARY JUDGMENT

Dodi references his cause of action for termination due to race or national origin in his statement of issues, but makes no more than the most cursory reference to it in his brief, and makes no attempt at a developed argument that the district court erred in granting summary judgment on the claim. Accordingly, we deem it waived, *Zannino*, 895 F.2d at 17, and only consider his argument that the district court erred in granting summary judgment on his claim that he was retaliated against because of his opposition to discrimination.

[HN6] "We review a grant of summary judgment de novo and are guided by the same criteria as the district court; a grant of summary judgment cannot stand on appeal 'unless the record discloses no trialworthy issue of material fact and the moving party is entitled[*18] to judgment as a matter of law.'" *Green*, 76 F.3d at 23, quoting *Alexis v. McDonald's Restaurants of Mass., Inc.*, 67 F.3d 341, 346 (1st Cir. 1995). We note that "our review will be most searching in cases, such as this, that turn upon the issue of motivation or intent." *Rossy v. Roche Prods., Inc.*, 880 F.2d 621, 624 (1st Cir. 1989).

We apply the McDonnell Douglas framework to Dodi's retaliation claim. See *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973); *Oliver v. Digital Equip. Corp.*, 846 F.2d 103, 110 (1st Cir. 1988). [HN7] First, Dodi must establish a prima facie case by showing that:

(1) [he] engaged in a protected activity as an employee, (2) [he] was subsequently discharged from employment, and (3) there was a causal connection between the protected activity and the discharge.

*Hoeppner*, 31 F.3d at 14. Under Massachusetts law, the framework is slightly different. To succeed,

the plaintiff must prove that she reasonably and in good faith believed that [Putnam] was engaged in wrongful discrimination, that [he] acted reasonably in response to [his] belief, and that [Putnam's] desire to retaliate against [*19][him] was a determinative factor in its decision to terminate [his] employment.

*Tate v. Department of Mental Health*, 419 Mass. 356, 645 N.E.2d 1159, 1165 (Mass. 1995).

Next, the burden shifts to Putnam to articulate a legitimate, nondiscriminatory reason for the discharge. If it does so, "in order to escape summary judgment under federal and [Massachusetts] law, [Dodi] must at least introduce sufficient evidence to permit the factfinder to infer that [Putnam's] stated reason for the termination was pretextual." n2 *Grant v. News Group Boston, Inc.*, 55 F.3d 1, 7 (1995); see, e.g., *Hoeppner*, 31 F.3d at 14; *LeBlanc v. Great American Ins. Co.*, 6 F.3d 836, 842-43 (1st Cir. 1993), cert. denied, 511 U.S. 1018, 128 L. Ed. 2d 72, 114 S. Ct. 1398 (1994); *Blare v. Husky Injection Molding Sys., Boston, Inc.*, 419 Mass. 437, 646 N.E.2d 111, 117 (Mass. 1995).

------------------Footnotes-----------------

n2 Dodi argues that proof of pretext is not always required. However, his reliance on *Patterson v. McLean Credit Union*, 491 U.S. 164, 187, 105 L. Ed. 2d 132, 109 S. Ct. 2363 (1989), for that proposition is misplaced, since the cited passage notes that [HN8] a petitioner can present a variety of types of evidence to establish pretext, not that it need not be established. Our case law offers no doubt that in retaliation claims, the McDonnell Douglas analysis requires a showing of pretext. See, e.g., *Grant*, 55 F.3d at 7; *Greenberg v. Union Camp Corp.*, 48 F.3d 22, 29 (1st Cir. 1995).

----------------End Footnotes---------------

[*20]

The district court found that Dodi had not satisfied the third element of the prima facie case. Assuming nonetheless that Dodi could establish a prima facie case, it found that Putnam easily cleared the hurdle of articulating a reason for the dismissal -- that Dodi's work was viewed as sub-standard and that he received poor performance reviews, suggesting missed deadlines and poor communication between Dodi and his supervisors and his staff. Thus the court moved to the third step of the analysis, where it found that Dodi could not show that Putnam's asserted reason was pretextual.

We also doubt that Dodi can make a prima facie case. However, even assuming that Dodi could meet the prima facie requirement, and acknowledging that Putnam has articulated a reason for the dismissal, we find that Dodi cannot meet the third requirement of the McDonnell Douglas analysis. Put simply, even given the benefit of all inferences, he has not shown that Putnam's asserted reason was false, much less that its real motivation was retaliation. Like the district court before us, we have found no evidence on this record which supports a finding that his evaluations were inaccurate, or which reveals[*21] that Dodi was treated differently than his non-minority or non-complaining counterparts. See *Wynne v. Tufts Univ. Sch. of Medicine*, 976 F.2d 791, 796 (1st Cir. 1992) [HN9] ("When pretext is at issue in a discrimination case, it is a plaintiff's duty to produce specific facts which, reasonably viewed, tend logically to undercut the defendant's position."), cert. denied, 507 U.S. 1030, 123 L. Ed. 2d 470, 113 S. Ct. 1845 (1993).

Dodi makes much of the fact that McGue learned of Dodi's MCAD complaint on the day he decided to terminate Dodi, at a meeting in which McGue and Swinney -- who testified at his deposition that he was very angry about the claim -- discussed Dodi's termination. We do not doubt that [HN10] the timing of when the relevant decision maker learned that a complaint was filed and when the dismissal occurred can be demonstrative of retaliation. See *Oliver*, 846 F.2d at 110. Indeed, the timing of the discussion here weighs in favor of Dodi having made a prima facie case. See *Wyatt v. City of Boston*, 35 F.3d 13, 16 (1st Cir. 1994) (finding that timing of employer's knowledge of protected activity and dismissal helps establish a prima facie case); *Rowlett v. Anheuser-Busch, Inc.*, 832 F.2d 194, 202[*22] (1st Cir. 1987) (same).

However, [HN11] "the filing of an MCAD complaint is not some magic shield that insulates the employee from termination regardless of the circumstances." District Court Memorandum and Order, at 15. Dodi himself notes that the reference to his MCAD claim was made "in passing." We fail to see how a passing reference can suffice to show that Putnam's asserted reason for firing Dodi was a pretext, n3 especially as Dodi points to nothing else of real substance in his support: the "history" of retaliation he argues existed, as well as the alleged inconsistencies in who claimed authority to fire him, and why, do little, if anything, to further his cause. "In this circuit, we have always required not only 'minimally sufficient evidence of pretext,' but evidence that overall reasonably supports a finding of [retaliation]," and Dodi has not met that mark. *LeBlanc*, 6 F.3d at 842-43 (quoting *Goldman v. First Nat'l Bank of Boston*, 985 F.2d 1113, 1117 (1st Cir. 1993)).

------------------Footnotes-----------------

n3 Dodi's reliance on *College-Town, Division of Interco, Inc. v. Massachusetts Comm'n Against Discrimination, 400 Mass. 156, 508 N.E.2d 587 (Mass. 1987),* is misplaced. There, the reference to the complaint was dramatically greater than here: the employee was told "'Loretta, it has come to my attention that you are suing College-Town. It's been done before. Here is your vacation, your severance pay or whatever, and good luck. May I have your badge?'" *508 N.E.2d at 590.* The circumstances here in no way rise to the level of these facts.

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

[*23]

CONCLUSION

For the foregoing reasons, the decision of the district court granting Putnam summary judgment is affirmed.