IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION, CINCINNATI

| | | |
|---|---|---|
| **EVERETT W. WHISMAN**, et al. | : | |
| Plaintiffs | : | Case No. C-1-02-406 |
| | : | Judge Beckwith |
| v. | : | **PLAINTIFFS' REPLY TO DEFENDANT ZF BATAVIA'S RESPONSE TO MOTION TO STRIKE AFFIDAVITS OF RICHARD NEWARK AND HERBERT HUEBNER** |
| **ZF BATAVIA, LLC, et al.** | : | |
| | : | |
| Defendants. | : | |
| | : | |

Plaintiffs, Everett W. Whisman, et al. ("Plaintiffs"), submit this Reply to Defendant ZF Batavia, LLC's ("ZFB") Response to Plaintiffs' Motion to Strike Affidavit of Richard Newark ("Newark") and Supplemental Affidavit of Herbert Huebner ("Huebner"). The Court should reject ZFB's erroneous arguments in opposition to this motion to strike.

ZFB suggests that Newark's affidavit does not contradict his deposition testimony but rather clarifies it. However, Newark testified at his deposition that ZFB would "dock" a salaried employee's pay under certain circumstances, (Newark's dep. at 85-86), whereas now through his affidavit he says – after he "took the time think the [deposition] question through" – that ZFB would dock salaried non-exempt employees only. (ZFB's Response, p. 2). As a preliminary matter, Newark's alleged "clarification" makes little sense factually. ZFB still has not shown that it employs any more than a handful of salaried non-exempt employees out of the three hundred total salaried employees at the plant. (See ZFB's Response, p. 3; Plaintiffs' Motion to Strike, p. 2; Plaintiffs' Opposition Memo. to ZFB's MSJ,

pp. 12-13).[1] Given the difference in the relative numbers of salaried exempt and salaried non-exempt employees, it is ridiculous for ZFB to suggest that Newark, in answering a question about salaried employees, somehow was focusing on the tiny group of salaried non-exempt employees at the plant, as opposed to the much larger group of salaried exempt employees.

Also, while ZFB casts Newark's affidavit testimony as a clarification of his prior deposition testimony, ZFB's use of this affidavit does not fall within the "narrow circumstances" in which a party may so use an affidavit at the summary judgment stage. See Herring v. The Canada Life Assurance Co., 207 F.3d 1026 (8th Cir. 2000); (ZFB's Response, p. 3). Unlike in Herring, for example, where the deponent's affidavit corrected a flat-out mistake at his earlier deposition when he misidentified the plaintiff's occupation, Newark's affidavit is not offered to correct a mistake in testimony. Rather, Newark's testimony is simply another interpretation of his deposition testimony, which ZFB tacitly admits. (See ZFB's Response, p. 2). ZFB asserts that Plaintiffs "would have this Court place their interpretation [of Newark's testimony] in the record." (See id.). On this point, ZFB is correct. In considering ZFB's motion for summary judgment, the Court should indeed consider Newark's deposition testimony (and all other evidence in this case) under Plaintiffs' reasonable interpretation – i.e., "in the light most favorable" to Plaintiffs. See, e.g., Tiemeyer v. Community Mut. Ins. Co., 8 F.3d 1094, 1097-98 (6th Cir. 1993). The jury will decide which of the conflicting interpretations is most compelling.

---

[1] ZFB maintains that it has produced in discovery "business records" reflecting the "payment of non-exempt salaried employees and exempt salaried employees." (ZFB's Response, pp. 1-2). ZFB, however, does not identify these purported records or further explain their alleged significance.

2

Finally, ZFB has offered no explanation for why it waited until the filing of its <u>reply</u> brief to submit Newark's affidavit. (It similarly has not explained why the new testimony in Huebner's "supplemental" affidavit was not contained in his first affidavit.) ZFB has cited no cases that support this practice of submitting an affidavit, which purportedly clarifies earlier deposition testimony, <u>after</u> the plaintiff has filed its opposition to the motion for summary judgment. The Court certainly should not countenance this practice, as it would destroy the non-moving party's opportunity to meaningfully oppose the motion for summary judgment and, moreover, render the discovery process and the taking of depositions a futile exercise. For all of these reasons, the Court should grant Plaintiffs' motion to strike.

Respectfully submitted,

s/ Stephen A. Simon

_____
David M. Cook (0023469)
Stephen A. Simon (0068268)
David M. Cook, LLC
22 West Ninth Street
Cincinnati, Ohio 45202
Phone: (513) 721-7500
Fax:    (513) 721-1178
Trial Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of Plaintiffs' Reply to ZF Batavia's Response to Motion to Strike Affidavits of Richard Newark and Herbert Huebner has been served, this 6th day of February, 2004, via regular U.S. mail, postage prepaid, upon counsel for Defendants:

Ellen J. Garling
Jeffery L. VanWay
Baker & Hostetler LLP
312 Walnut Street, Ste. 2650
Cincinnati, Ohio 45202
(Attorneys for Ford Motor Co.)

Douglas M. Morehart
Haverkamp, Brinker, Rebold & Rhiel Co. LPA
5856 Glenway Avenue
Cincinnati, Ohio 45238-2079

and

John J. Hunter
Hunter & Schank Co. LPA
One Canton Square
1700 Canton Avenue
Toledo, Ohio 43264
(Attorneys for ZF Batavia)

                                                          s/ Stephen A. Simon
                                                  _____
                                                  ATTORNEY FOR PLAINTIFFS