**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION, CINCINNATI**

| | | |
|---|---|---|
| **EVERETT W. WHISMAN**, et al. | : | |
| Plaintiffs | : | Case No. C-1-02-406 |
| | : | Judge Beckwith |
| v. | : | |
| **ZF BATAVIA, LLC, et al.** | : | **PLAINTIFFS' RESPONSE TO SUPPLEMENTAL BRIEF OF DEFENDANTS IN SUPPORT OF SUMMARY JUDGMENT** |
| | : | |
| Defendants. | : | |
| | : | |

Plaintiffs, Everett W. Whisman, et al. ("Plaintiffs"), submit this response to Defendants', ZF Batavia, LLC ("ZFB") and Ford Motor Company ("Ford"), Supplemental Brief in Support of their Motion for Summary Judgment. Defendants assert that the Ohio Supreme Court's recent decision in <u>Lake Land Employment Grp. of Akron, LLC v. Columber</u> (2004), 101 Ohio St.3d 242, supports summary judgment in Defendants' favor in this matter. In this decision, the Supreme Court simply resolved a split among Ohio courts of appeal on the specific issue of whether "subsequent employment alone [is] sufficient consideration to support a covenant-not-to-compete agreement with an at-will employee entered into after employment has already begun." <u>Id.</u> at 244. The Supreme Court answered this narrow question in the affirmative. <u>Id.</u> at 243, syllabus. The <u>Columber</u> decision does not support a finding of summary judgment in this case.

The facts of <u>Columber</u> are wholly dissimilar to the facts of this case. In <u>Columber</u>, the employee had signed a noncompetition agreement three years after his hire, worked

Exhibit A

for his employer another ten years and then, after his discharge, formed a corporation that competed with his former employer. The former employer then sued to enforce the agreement. Id. The instant case clearly does not involve the enforcement of a noncompetition agreement. Moreover, unlike the plaintiff in Columber, Plaintiffs did not wait <u>ten</u> <u>years</u> after Defendants unilaterally altered the terms and conditions of their employment. Rather, when Defendants began reneging on their pre-hire promises, Plaintiffs immediately objected. When ZFB's human resources director suggested Plaintiffs bring suit, they did just that. (See Plaintiffs' Opp. Memo., p. 12).

Also, in contrast to the facts of Columber, Plaintiffs are seeking to enforce the terms of a contract that was offered to them to <u>induce</u> their employment. Plaintiffs were even led to believe that ZFB did not retain the right to modify at-will the terms of its employment agreement with Plaintiffs, as the difference between ZFB's job application and Ford's "Employment Agreement" implied that ZFB claimed no such right. (Plaintiffs' Opp. Memo., pp. 31-32). This unique set of facts therefore provides a separate basis to reject Defendants' argument on this point.

Finally, assuming, *arguendo*, that this Court finds that the Columber decision is material to Plaintiffs' breach of contract claims, the decision has no bearing on Plaintiffs' remaining claims, including fraud, promissory estoppel and the claims asserted under the Fair Labor Standards Act and O.R.C. Chapter 4111.

For all of these reasons, this Court should deny Defendants' motions for summary judgment in their entirety.

        Respectfully submitted,

        s/ Stephen A. Simon

        _____
        David M. Cook (0023469)
        Stephen A. Simon (0068268)
        David M. Cook, LLC
        22 West Ninth Street
        Cincinnati, Ohio 45202
        Phone: (513) 721-7500
        Fax:    (513) 721-1178
        Trial Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

      I hereby certify that on March 17, 2004, I electronically filed Plaintiffs' Response to Defendants Supplemental Brief in Support of their Motion for Summary Judgment with the Clerk of Courts using the CM/ECF system which will send notification of such filing to counsel for Defendants.

        s/ Stephen A. Simon

        _____
        ATTORNEY FOR PLAINTIFFS